*Jameson
vs.
Harper.*

[a] 5 Com. Dig. 99.—4 Bibb, 452.

---

## DUKE K. JAMESON, *et al. vs.* JOHN HARPER.

*Error from Wilcox Circuit Court*—Before the Hon. SION L. PERRY.

In a motion against a sheriff and another, as his security, under our statute, for not paying over money collected by said sheriff on execution, if the person sued as security, relies for his defence, on a general denial of the facts stated in the notice, the plaintiff is not bound to produce the sheriff's bond, to show that such defendant is security.

If the defendant would deny the fact, that he is the sheriff's security, he should crave oyer of the bond, and plead *non est factum.*

This cause was submitted to the court without argument. The following is the opinion of the court.

Jameson
vs.
Harper.

By Mr. Justice THORNTON:

This was a summary proceeding in the court below, by motion against Jameson as sheriff, and Evans as his security, for failing to pay over money alleged to have been collected by said sheriff, on execution.

It seems that an issue was formed, and the case submitted to a jury. By a bill of exceptions taken during the trial of that issue, it appears that the only exception taken below, to the proceeding, was relative to the fact, whether the plaintiff in error, Evans, was in truth, a security or not, of the said Jameson.

As we consider the notice, disclosing the grounds of the motion, to be substantially good, we will confine ourselves to the consideration of that assignment of error, which refers to the exception above mentioned. The point of objection was, that the defendant in error was not compelled, or required by the court to produce the bond of the sheriff, to prove the liability of said Evans as his security. The issue is stated in the bill of exceptions, to have been a general denial of the facts stated in the notice. Although the statute, by virtue of which this proceeding was had, is a remedial one, to some extent at least, yet such a reasonable construction will be put upon it, as not to advance the remedy, at the expense of vital principles of justice. In this view, we have hitherto said, that although the statute authorised by its literal terms, a judgment against a sheriff, and his securities, upon notice to the sheriff *alone*, yet that no judgment could be rendered against such security, without notice, or a waiver of it, by appearance. As the object of this notice, is to allow an opportunity to defend; we will so construe the proceeding, as to render all legal defences available. I do not think that in this case, any just claim lies on this head; nor was any proof dispensed with, which by the issue joined, ought to have been required to be adduced, to enforce the liability. The notice which is in this case, the foundation of the proceeding, charges the defendant below, Evans, as a security. Now, what

is the appropriate mode of denying that character, in which Crawford he is so sued. If he be security, it could only be by force of a proper legal bond ; and the only way in which the existence of such a bond could be put in issue, was by a plea of *non est factum*. The analogy is considered as holding in this respect, between this proceeding, and an action against an executor or administrator. If the latter are sued as such, any plea but *ne unques executor*, admits their character. So I think in the case of this motion, any plea but the appropriate one, of *non est factum*, is an admission of the fact, that the character of the parties, is, as charged. If the security desired to put the question of security, *vel non*, in issue, and had required the production of the sheriff's bond, by craving oyer of it, which he might do, though no profert were made of it in the notice ; and the opportunity then sought, had been denied to him, then he would have had just cause of complaint.

Let the judgment be affirmed.