# White v. Ward.

### Motion for Summary Judgment.

(Decided June 18, 1908.   47 South. 166.)

1. *Death; Action for; Nature of Remedy.*—The right to recover damages for the death of a child is purely statutory, as no right of action therefor existed at common law.

2. *Executors and Administrators; Assets; Action for Death of Decedent.*—A recovery for the death of a child under section 26, Code 1896. is wholly for the parent's benefit, and the appointment of an administrator on the estate of such child is a statutory designation or appointment of a quasi trustee who may sue for the damages be-

[White v. Ward.]

longing to the parent; the choose in action in such case is the statutory right and vests in the parent; the administrator's right to sue is not founded on any administrative right at common law; the administrator could have no right or title thereto as against the parent, and the parent may deal with it as they choose subject only to the administrator's right to cost incurred in prosecuting the claim prior to notice to him of any disposition thereof made by the parent.

3. *Attorney and Client; Accounting; Funds Received.*—Conceding that an administrator de bonis non may sue for the wrongful death of a child or succeed to the rights of an administrator in the prosecution of a suit already begun, it would be a mere statutory right given for the assertion of the parent's rights, and not on any legal title to the claim in the administrator more or greater than that of the parent, and hence, when an attorney· collects money upon a judgment recovered by an administrator for the death of a child, in a summary proceeding, by the administrator de bonis non against him, such attorney, although he did not pay the money into court nor deliver it to the administrator de bonis non, should be permitted to show in defense of the summary action, that he had paid the money to the legal assignee of the parent, and had disbursed the remainder in payment of the liens of other attorneys asserted against the funds in his hands, save as to cost incurred by the administrator; the theory being that the attorney can assert any defense against the administrator de bonis non that he might have asserted against the parent.

4. *Same; Right to Defend.*—The proviso in section 3810, Code 1896, is a mere privilege extended to the attorney by which he escapes the interest and the statutory penalty should he be found in the wrong, and on his failure to comply therewith, such section does not deprive him of the right of defense and every defense is open to him which would be open if the action were assumpsit, whether he avails himself of the privilege or not.

5. *Constitutional Law; Due Process.*—A requirement that a defendant shall deliver up the property, or pay the money into court as a condition to being allowed to defend on the merits a summary proceeding to recover such money or property claimed by a defendant to be demanded of him without right, would be unconstitutional as a deprivation of due process.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Motion by M. L. Ward as an administrator de bonis non of the estate of Zuma Allred against H. K. White, for a summary judgment against him as attorney for failing to pay over money collected by him. Judgment for plaintiff and defendant appeals. Reversed and remanded.

[White v. Ward.]

W. A. GUNTER, HENRY FITTS, A. LATADY, WHITSON & HARRISON, H. K. WHITE, and R. B. KELLY, for appellant. Appellee is not entitled to the money. The cause of action upon which the suit was founded and in which the money was recovered arose under section 26, Code 1896, and the fruits of such recovery went to the parents of Zuma Allred, not as heirs, but in their individual right as father and mother, and not as assets of Zuma Allred's estate.—*McNamara v. Logan,* 100 Ala. 196; *S. & N. R. R. Co. v. Donovan,* 84 Ala. 147; *Pratt C. & I. Co. v. Brawley,* 83 Ala. 371; *Bubce v. B. R. L. & P. Co.,* 140 Ala. 280; sec. 27 has no application, but should be construed in connection with 26, and that effect given to each as to render them harmonious and not antagonistic.—31 Ala. 227; 83 Ala. 493; 114 Ala. 49; 147 U. S. 242. A special regulation for a certain class of cases take their class out of the general terms of either section.—*Pittsburg Ry. Co. v. Vining,* 92 Am. Dec. 273. The proceeds of recovery under sec. 26 are not for distribution as a part of the estate of the deceased.—*T. C. & I. Co. v. Herndon,* 100 Ala. 457. Under section 26, the contributory negligence of decedent with which the father is not connected will not defeat the suit, while under section 27, contributory negligence of intestate is a complete defense against simple negligence.—*Williams v. S. & N. A. R. R. Co.,* 91 Ala. 635. There is no privity between an administrator de bonis non and his predecessor.—*Martin v. Ellerbce,* 70 Ala. 326. Having introduced a part of the answer of appellant on a former case of *McCarley v. White,* the appellee could not speculate, and having introduced a part he made the whole of it competent evidence.—*German v. Brown,* 39 South. 742. The client was the only one who could maintain this motion.—*Martin v. Ellerbce, supra;* 3 A. & E. Ency. of Law, 412; par. b.; 4 Cyc. 976. If the construction con-

tended for by appellee of section 3810, is correct, and if the construction placed by the Supreme Court on the section in *McDonald v. The State,* 143 Ala. 101, is good law, then said section is unconstitutional as abrogating due process.—Secs. 13 and 14, Const. 1901; *S. & N. A. R. R. Co. v. Morris,* 65' Ala. 194; *Lasseter v. Lee,* 68 Ala. 287; *Whitworth v. Anderson,* 54 Ala. 33; *Stoudenmire v. Brown,* 48 Ala. 699; *Randolph v. V. & P. S. Co.,* 106 Ala. 501; *Reeves v. The State,* 96 Ala. 33; *Smith v. L. & N.,* 75 Ala. 449; 100 U. S. 303. The case of *McDonald v. The State,* should be overruled.—*Windsor v. Mc-Veigh,* 93 U. S. 274; *Savcariego v. Maverick,* 124 U. S. 261; *Clopton v. Jackson,* 66 Ala. 29; *Reynolds v. Stockton,* 140 U. S. 254.

GEORGE HUDDLESTON, for appellee. Counsel discuss assignments of error, but without citation of authority, except to insist that White will not be permitted to say that McCarley, the first administrator, was not authorized to receive the money, nor that McCarley was not administrator, nor that he had vacated his office or removed from the state.—*Hungerford v. Moore,* 65 Ala. 232; *Collins v. Tillon,* 26 Conn. 368; *Whitman v. Fellon,* 28 Mo. 601; *Murray v. Vanderbilt,* 39 Bard. 140; *Roberts v. Fulton,* 14 Vt. 195; *Day v. Southwell,* 3 Wis. 657; *Waller v. Jones,* 107 Ala. 331.

TYSON, C. J.—A motion was filed in the court below, under section 3810 of the Code of 1896, to recover judgment against the appellant for money collected by him as an attorney and not paid over on demand. The appellant's intestate was an infant child of one Allred, who was killed by a railroad, and whose administrator, McCarley, brought suit to recover damages therefor. The appellant was employed as associate counsel in the case,

and thereafter conducted the suit to a successful termination, recovering $3,298. McCarley having removed from the state, the appellee was appointed administrator de bonis non and made the demand upon the appellant upon which the motion for judgment was predicated. After demand made, the appellee waited a considerable time before instituting suit, and upon the hearing recovered $15,879.58, which included statutory penalties of 5 per cent .per month, besides 8 per cent. interest per annum for the whole period intervening between the demand and the judgment. The appellant set up and endeavored to establish two defenses: One, that the appellee had no right to recover the money; and, second, that all of the money, except a reasonable fee to the appellant for services rendered and expenses incurred, had been paid out to persons entitled to the same before the demand upon him was made. The court below held that the appellee was the party entitled to receive the money, and denied to the appellant the privilege of showing that it had been disbursed to the parties who would have been legally entitled to the same from the administrator in chief, had he disbursed it prior to the appointment of the administrator de bonis non.

Without following the various rulings of the lower court, we will consider the two points which must control the final judgment. There was no right of action at the common law for the death of the child.—*Williams' Case,* 91 Ala. 638, 9 South. 77. The right to recover damages for its death is therefore purely statutory. The statute awards the damages and the right to sue for them to the parents of the deceased child.—Section 26, Code 1896. Under the statute as originally enacted the administrator could not sue, except in the case of the death of the parents. But by the Code the administrator may also sue and recover the damages,

but the recovery is wholly for the benefit of the parents. —*T. C., I. & R. Co. v. Herndon,* 100 Ala. 457, 14 South. 287. By the express provisions of the statute a suit by the parents or by the administrator, after passing into judgment, operates a complete bar to the action by the others, showing conclusively that the administrator is the mere statutory designation and appointment of a quasi trustee, who may sue for the recovery of damages belonging to the parents of the child. By the common law the administrator held, and still holds, the legal titiel to all the assets and choses in action of the deceased; but the property of the chose in action in this case never did belong to the deceased. It is a right raised exclusively by the statute, and the property vests in the parents of the deceased, who have a personal right to sue for the same as their own property. The statute (Code 1896, § 26) conferring also the right upon the administrator to sue, being a new one, is not found in any administrative right at common law based upon the title of the deceased. As against the parents, therefore, the administrator could have no right or title to the chose in action. He could not be said, as against them, to have the legal title, and certainly he had not the equitable title. The right of property was clearly in the parents, and all necessary right to assert the same was also in them. It is entirely clear, therefore, that the parents would have a right to deal with the chose in action, at their pleasure, before, after, or pending the assertion of the right by the administrator, subject only to the right of the latter to costs duly incurred in the prosecution of the claim prior to any notice of the disposition thereof by the parents. Any release of the claim by the parents, pending a suit by the administrator for recovery, could be well pleaded puis darrein continuance; also any sale by them of the chose in action before or after the recov-

ery would substitute in their place their assignee cloth-
ed with all their rights.

Conceding that the administrator de bonis non may
institute and prosecute a suit for damages, or succeed
to the further prosecution of such a suit after the re-
moval of the administrator in chief, it would be entirely
a statutory right, given solely for the due assertion of
the right of the parents, and not upon any idea of the
legal title to the claim being in the administrator any
more than it was in the parents; and therefore it seems
to us entirely clear that, after a recovery in the case and
the payment of the money to the appellant upon the
judgment, there was a right in him, save only as to costs
incurred by the administrator in chief, to recognize as
the owner of the claim the assignee of the parents, and
to deal with such assignee as with the parents, and also
to recognize and pay all liens against the funds to other
attorneys which might be asserted against the money in
his hands.—*Jackson v. Clopton,* 66 Ala. 29. So that,
without deciding the question of the right of the appellee
to prosecute this suit and to receive the money if it was
in the hands of the appellant, or to hold appellant there-
for if he had wrongfully disposed of same, we think it is
clear that the offer of the appellant, both in pleas and
evidence, to show the prompt and legal disbursement to
parties entitled of all the funds received by him upon
the judgment, should not have been denied. This pro-
ceeding being highly penal and quasi criminal, it has
been held that it may not be resorted to by an assignee
of the claim, or by an administrator de bonis non,
though the money constituted assets of the deceased.—
Cent. Dig. p. 1742; *Sloan v. Johnston,* 14 Smedes & M.
47.

Having determined that on general principles the ap-
pellant should have been allowed, against the claim of
the appellee any defense he might have been entitled to

set up against the parents of the child, it remains to in-
quire whether the statute under which this proceeding
was instituted (section 3810 of the Code), when prop-
erly construed, does or could constitutionally deprive
him of that right of defense.  The occasion of the partic-
ular statute, and of others of a like kind affording sum-
mary remedies, was the high propriety and even neces-
sity of holding public officers, such as sheriffs and the
like, and attorneys as officers of the court, to a faithful,
honest, and prompt discharge of their duties.  The right
thus to proceed against them existed at the common law,
independent of statutes, when the misconduct complain-
ed of was in the nature of a contempt of the authority
of the court.—*Schell v. Mayor, etc., of New York,* 128
N. Y. 67, 27 N. E. 957; *In re Paschal,* 10 Wall. (U. S.)
483, 19 L. Ed. 992.  But the lawmaking power early saw
the propriety of affording a summary remedy in such
cases of a wider scope than that at the common law, and
therefore enacted a law January 30 and May 13, 1802,
which was revised and amended February 10, 1807, as
shown in St. Miss. T. pp. 60-61, published in 1816, in the
fifth section of which was:  "Every attorney receiving
money for his client, and refusing to pay the same when
demanded, shall be proceeded against in a summary
way, on notice before any court of record: and in the
same manner as sheriffs are, or may be liable to be pro-
ceeded against for money received on execution."  The
proceeding provided for sheriffs is shown in section 32
of the act of the 7th of February, 1807.  Laws Ala. p.
303.  Under that act a motion could be made for sum-
mary judgment on 10 days' notice for the amount due
and interest at the rate of 15 per cent. per annum. This
law as to attorneys remained unchanged until 1848,
when the damages allowed were 5 per centum per
month upon the amount recovered from demand to the

recovery.—Acts 1848, p. 64. The law was then codified in 1852 (section 2635 of Code of 1852) in its present form, in which was added the clause that the attorney proceeded against might, in the cases mentioned, avoid interest and penalty by payment of the money into court to await its judgment.

The proceeding provided for in the Code of 1852, as in the Code of 1896, is under the head of "Summary Judgments." And immediately after follows, first, "General Rules," and then different articles relating to the different persons and officers against whom and in whose favor such judgments may be had. The obvious and sole purpose of the entire system as to all classes was to provide a speedy trial on the merits, with severe penalties against parties convicted, in order to hold them to a prompt discharge of their duties.—Code 1852, p. 476; Code 1896, p. 1041. And it would seem that there should be no doubt that the provision in the last part of section 3810 of the Code of 1896 (section 2635 of the Code of 1852) was to give the attorney, who, though in the wrong, was not conscious of doing wrong, an opportunity of escaping interest and statutory damages by paying the money into court pending the decision. This is evident from the very words of the law, which was an ameliorating provision of the severe requirements of the previous clauses, introduced by a "but,' which is the same as a proviso or exception, and thus certainly was not intended as a cumulative or additional penal condition. This is also evident from various other considerations which might be advanced, some of which are set down in the dissenting opinion in the case of *Macdonald v. State*, 143 Ala. 101, 39 South. 257.

In the first place, there never was, nor is there now, any such requirement in the case of proceedings against other officers. There is not now, nor was there ever, a

23 R

requirement as to any of them that the money demanded should be paid into court as a condition of making a defense. And yet article 7 of chapter 106 of the Code of 1896 immediately following and relating to attorneys, professes to follow the proceeding as to other "officers" by saying: "Judgment may in like manner be rendered against an attorney in this state," etc. There could be no reason for saying, as to an attorney, "He shall not defend on the merits, unless the money or thing in dispute is, as a condition of allowing any defense, in advance placed in the custody of the court," and in not making any such requirement of a sheriff, judge of probate, treasurer, comptroller, or other officer even though it may be they were guilty of embezzlement.

In the next place, such a construction is utterly inconsistent with the other terms and general provisions of the whole law in the particular case, and those in pari materia on which it is based. The rule and intent is clear that the appeal to law is to enforce a right in in one and a duty resting on another. The attorney is supposed to withhold what he has no right to retain, and which it is his duty to pay over to satisfy the correlative right of the client. There can be no procedure without a demand for the performance of the duty. The refusal to satisfy the lawful demand puts the attorney in default and authorizes the motion. The notice and motion is a summons and declaration to enforce the right and duty by judgment. No matter what form judicial proceedings may assume, there is a principle, which no proceeding entitled to respect as being judicial can transcend, that "the allegata and probata must reciprocally meet and conform to each other," and the judgment must respond to the issue made and proved. It is plain, it seems, that in the case of a sheriff he could not be required to pay over on demand, along with the plaintiff's

[White v. Ward.]

money collected on execution, the costs collected at the same time and his commissions. So it seems equally clear that the law did not intend that the attorney should pay over on demand to an insolvent and perhaps unprincipled client his commissions or fees, and, therefore, that he would be justified in refusing such a demand, and he would thus not be put in default on such a refusal. And, as the motion must follow the demand, it seems to us that it would be unreasonable to hold that money improperly demanded could be the basis of a motion for a summary judgment, and must be paid into court as preliminary to the allowance of a defense on the merits.

In the next place, such a requirement would be unconstitutional, as not being due process. A right of defense is the same, so far as protection by law is concerned, as if tangible property in possession was involved; and no law can constitutionally require a party to yield possession and claim of property, even to the court, on any mere demand, as a condition of being allowed to defend on the merits against the claim.—*Zeigler v. S. & N. Ala. R. R.*, 58 Ala. 594; *Meacham v. Bear Valley Co.*, 145 Cal. 606, 79 Pac. 281, 68 L. R. A. 600; *Bennett v. Davis*, 90 Me. 102, 37 Atl. 864; *Eustis v. City of Henrietta*, 90 Tex. 468, 39 S. W. 567; *Windsor v. McVeigh*, 93 U. S. 280, 23 L. Ed. 914; 8 Cyc. 1080, 1081. If the possession of the defendant is dangerous to the plaintiff's right, and his right is reasonably clear, the law provides in proper cases for the appointment of a receiver pending litigation on legal conditions and security; but it would be clearly against common right, and not due process, for a law to provide that A. may allege a relation with B. and demand money or property of him, and on refusal of his demand proceed on three days' notice for a summary judgment against B., and

not allow any defense by B., unless he pays over to the custody of the court all the money in dispute whether he has it or not, and whether properly disbursed or not.

In the next place, long prior to the decision in the case of *Macdonald v. State,* this court held, in *Jameson v. Harper,* 1 Port. 431, that, "as the subject of the [this] notice is to allow an opportunity to defend, we will so construe the proceedings as to render all legal defenses available." And in *Jones v. Mille,* 31 Tenn. 151, it was held that the proceeding by motion against an attorney is a mere substitute for the more tedious remedy by action of debt or assumpsit, and that all defenses were available as in those actions. If there is to be a denial of defense, why give notice of the motion? Why not proceed ex parte? There would be no difference in principle between the two proceedings.—*Windsor v. McVeigh, supra.* While a summary proceeding is more expeditious, it could never have purposed the ignoring of defenses, since no one can be deprived of life, liberty, or property, except by due process, which implies and requires a full and fair hearing by an impartial tribunal. —*Zeigler v. S. & N. Ala. R. R. supra.*

We are therefore compelled to hold that a wrong view of this statute (section 3810 of the Code of 1896) was taken in the *Macdonald Case,* and that it should be overruled. Our opinion is, and we so hold, that the proviso in the latter part of said statute relating to the payment of the money into court is a mere privilege extended to the attorney, by which he may escape interest and the statutory penalty, should he be found in the wrong, and that every defense is open to the attorney which would be open to him in the equitable action of assumpsit against him, whether or not he avails himself of that privilege.

Reversed and remanded. All the Justices concur.

[White v. Ward.]

ANDERSON, J.—While I agree that the respondent should be permitted to show that the money collected had been paid over to the one entitled thereto, and that the case should be reversed, I do not deem it necessary to overrule the case of *Macdonald v. State*, 143 Ala. 101, 39 South. 257. To my mind the opinion in the case at bar proceeds upon a misconception of the real holding in the *Macdonald Case, supra*. Clearly, under the statute, a deposit of the money was not necessary, if the money had been previously paid to the legal owner. Section 3810 gives the summary remedy only in case the money has not been paid. The fact that the money is unpaid is a condition precedent to the maintenance of the motion, and which fact should be averred and proven, otherwise the movant must fail; and when it appears that the money has been paid the statutory remedy has no application. The Macdonald opinion was dealing with a case within the influence of the statute. There it was shown that the respondent still held the money, but attempted to set off over half of it for fees due him for collecting same. The court, following the mandate of the statute, properly held that he could not continue to hold his client's money and get a credit for his fee, but that in order to do so he should deposit the money as required by the statute. It is true the opinion confines the attorney's defense to a denial that he has collected the money, but the court was dealing with a case within the influence of the statute, one where it was shown that the money collected was still held by the attorney, and did not intend to hold that it could not be shown that the money had been paid over, for, if the money had been paid over, there was no ground for the motion. I think the *Macdonald Case* is sound in holding that, when the attorney confessedly withholds his client's money, he is not entitled to a set-off until he complies with the

statute by depositing the fund in court. Nor will doing so deprive him of his constitutional rights. If he withholds the money, he is holding something which belongs to his client and upon which he has a mere lien, and the statute merely requires a restoration of the property by the trustee to the accessibility as a condition precedent to the allowance of fees for collecting same—a very wise and salutary provision, but one which has no application, except to cases where the money collected has never been paid over. Here we have a case where the respondent claimed that the money had been paid over. In the *Macdonald Case* it appeared that the fund was still withheld by the collecting attorney, and was such a case as is covered by the statute.