(123 So. 83)

## McDOUGALL v. CITY OF BIRMINGHAM.
### (6 Div. 276.)

Supreme Court of Alabama. June 6, 1929.

Rehearing Denied June 27, 1929.

Clark Williams, Dent Williams and N. S. Morgan, all of Birmingham, for appellant.

Wilkinson & Burton and Frank A. Wilkinson, all of Birmingham, for appellee.

FOSTER, J. This is an action by an infant of tender years, to wit, four years, suing by its mother as next friend for an alleged injury due to an alleged negligent defect in the streets of the city. The court sustained demurrers to the complaint, appellant declined to plead further, and judgment was awarded defendant.

Appellant contends that the judgment was erroneous as to counts 2 and 3, but does not contend for error as to count 1. From the argument of counsel it appears that the only defect in counts 2 and 3 claimed is that the statement filed with the city (as required by section 12 of the Acts of 1915, on page 298, somewhat different from section 2031, Code), and set out in said counts, is insufficient, in that it was signed by the mother of the injured party, and does not purport to be on behalf of the infant (though said counts allege that plaintiff filed it), but it states that she as such mother makes claim for the damage of $10,000, and further gives the street and number of her residence, but not expressly that of the infant.

The sole question therefore here presented is whether such a statement is sufficient to justify a suit by the infant suing by his mother as next friend, when the statement signed by the mother does not expressly state that it is on behalf of the infant. The law requires that it shall *be filed* "by the injured party," and shall state the "damages claimed," and "the street and house number where the injured party resides."

This court has held that this statute was intended to advise the city of the accident for the purpose of investigation and adjustment without suit (Bessemer v. Barnett, 212 Ala. 202, 102 So. 23), and that though filing the statement is a prerequisite to suit, a substantial compliance, sufficient to accomplish its purpose, is all that is necessary, and that without technical accuracy (Bessemer v. Barnett, supra; McKinnon v. Birmingham, 196 Ala. 56, 71 So. 463; Grambs v. Birmingham, 202 Ala. 490, 80 So. 813).

In our case of Birmingham v. Chestnut, 161 Ala. 253, 49 So. 813, a construction given a statute of somewhat similar import is that if the injury be done to the wife's property the notice must be given to her to sustain a suit by her, and if it was given by the husband, it is not a sufficient compliance to justify her suit. This was for damage to property owned by the wife, in which the husband had no interest.

The statement of a claim for injuries to a minor made by a next friend on behalf of the minor has been held to be a sufficient compliance with a similar statute. Huntsville v. Phillips, 191 Ala. 524, 67 So. 664.

In a New York case, Seliger v. New York (Sup.) 88 N. Y. S. 1003, a claim was filed under a similar statute on behalf of an infant, followed by suits by the infant and his parent separately. The court held the notice sufficient for the suit by the infant, but not for that of the parent.

On the other hand, in Minnesota, Ackeret v. Minneapolis, 129 Minn. 190, 151 N. W. 976, L. R. A. 1915D, 1111, Ann. Cas. 1916E, 897, a statement was filed with the city making claim for an injury to an infant, stating all details, including the amount of the claim, but did not state whether the claim was made for the infant or parent; in a suit by the infant, the claim was held sufficient, with comments which we think are appropriate to our statute, and should control on this appeal as well. as in that case:

"That the accident gave rise to two claims for damages—one in favor of the father and one in favor of the child—and that the notice states only one claim, and does not specify whether that is the claim of the child or of the father; and further contends that in any event the notice cannot serve as a basis for both actions. The purpose of the notice is to give the municipal officers information which will enable them to ascertain and investigate the facts while the evidence is available, and to determine whether a liability exists, and, if so, the nature and extent of such liability. While the essential requirements of the statute must be complied with, it has been determined that a claimant is not barred from maintaining his action because his notice was informal, or not technically accurate, if the information required by the statute could, in substance, be ascertained therefrom. Kelly v. Minneapolis, 77 Minn. 76, 79 N. W. 653; Nicol v. St. Paul, 80 Minn. 415, 83 N. W. 375; Terryll v. Faribault, 81 Minn. 519, 84 N. W. 458; Id., 84 N. W. [Minn.] 341, 87 N. W. 917; Kandelin v. Ely, 110 Minn. 55, 124 N. W. 449; Larkin v. Minneapolis, 112 Minn. 311, 127 N. W. 1129; Wornecka v. St. Paul, 118 Minn. 207, 136 N. W. 561.

"The notice in question gave the officials full and accurate information as to the time, place and circumstances of the injury. It also informed them that the one injured was the infant son of the one giving the notice, and that damages were claimed in the sum of $10,000. If the facts stated in the notice were true, the law gave the father the right to bring two actions—one in his own behalf and one in behalf of his child. It is true that the notice did not state whether he made the claim in his own behalf, or in behalf of the child, or in behalf of both; and, if in behalf of both, that it did not apportion the damages between them. The natural inference would be that he was insisting upon all the rights given by the law."

This view is also supported in Taylor v.

Woburn, 130 Mass. 494; Reed v. Madison, 83 Wis. 171, 53 N. W. 547, 17 L. R. A. 733.

The act of the Legislature, supra, also provides that the statement filed with the city clerk shall give "the street and house number where the party injured resides." Crambs v. Birmingham, supra; Birmingham v. Scott, 217 Ala. 615, 117 So. 65. The statement set out in counts 2 and 3 shows that the injured party was a son of the lady signing it, and gives the street and house number of her residence.

Carrying out the thought expressed in our cases that technical accuracy in the statement is not required, we think that it informed the city authorities with sufficient accuracy in both respects above mentioned to comply with the intent of the requirement.

We are therefore constrained to reverse the judgment of the circuit court and remand the cause.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

GARDNER, J. (dissenting). That "hardships make shipwreck of the law" is an old saying, often quoted in the books. It may appear harsh in the instant case to deny plaintiff's right of action for a noncompliance with the statute, but the courts are only to be concerned with giving effect to the law as written by the lawmaking body upon which alone responsibility must rest.

Our previous decisions disclose a strict adherence to the rule that substantial compliance with the statute is a condition precedent to the maintenance of the suit, upon the theory that liability of municipalities in tort actions is statutory in origin and the Legislature may attach such conditions to the right to recover as it deems proper. And these "statutory prescriptions * * * are generally construed as being mandatory," to use the language of Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874. Indeed, in the Grambs Case it was held that these conditions precedent were of such a character as not to be the subject of waiver by the municipality. Further illustrative are the cases of Benton v. City of Montgomery, 200 Ala. 97, 75 So. 473, and Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63. In the Benton Case plaintiff's action against the city was destroyed because of the mistake of one day in stating the date of the injury in the claim filed, and in the Brannon Case a like result for a mistake in designating in the filed claim the place of the injury as at Forty-Ninth street, between Tenth and Eleventh avenues, when the proper location was between Ninth and Tenth avenues.

I am in entire accord with the statement that technical accuracy is not required, and substantial compliance with the statute suf-

fices. McKinnon v. City of Birmingham, 196 Ala. 56, 71 So. 463; City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23. But as I view the instant case there has been no compliance whatever.

Plaintiff's claim filed on his behalf by next friend or guardian would answer the purpose of the statute, which looks not only to investigation but settlement as well. City of Huntsville v. Phillips, 191 Ala. 524, 67 So. 664. But to follow the statute there must be filed a claim by the minor or some one in his behalf. Under certain conditions the mother would also have a right of action for injuries to her minor son, but such a claim is separate and distinct from that of the minor. This was clearly pointed out by the New York court in Seliger v. City of New York (Sup.) 88 N. Y. S. 1003 (a case here very much in point contrary to the majority view), where it was said: "The father's claim and that of the infant are quite distinct, and founded upon * * * different considerations. The filing of a claim with the comptroller is to afford * * * an opportunity to make a settlement in behalf of the city. * * * Unless a notice is filed as to each claim, the purpose of the statute is defeated."

In the case here considered the claim (an exhibit to the count and which appears in the report of the case) purports on its face to be that of the mother and not that of the minor. It is her claim, as mother of the minor, and not the claim of the minor by her as next friend. To hold otherwise is, it appears to the writer, tantamount to an amendment of the filed claim. A reading of the Minnesota case of Ackeret v. Minneapolis, 121 Minn., discloses both a difference in the wording of the statute from our own, as well as a marked difference in the form of the claims filed.

I am fully persuaded the learned trial judge but followed the plain mandate of the statute, and that his ruling should be here affirmed. I therefore respectfully dissent.

BOULDIN and BROWN, JJ., concur in the foregoing opinion.