167 So. 291

### McWHORTER TRANSFER CO. et al. v. PEEK.

7 Div. 357.

Supreme Court of Alabama.

April 9, 1936.

Isbell & Beck, of Fort Payne, for appellants.

Baker & Baker, of Fort Payne, for appellees.

BOULDIN, Justice.

Action in damages for wrongful death under the homicide act. Code, § 5696.

The deceased, J. B. Stout, came to his death from a collision of an automobile in which he was riding with a truck driven by W. L. McWhorter, operating under the name of McWhorter Transfer Company.

Builder's & Manufacturer's Mutual Casualty Company, a foreign corporation, was made party defendant, as surety for the McWhorter Transfer Company by virtue of an insurance policy issued in lieu of a bond under section 13 of the Motor Carrier Act of 1931 (Acts 1931, p. 312).

■■ There was no error in overruling the demurrer to the complaint for misjoinder, or in sustaining demurrers to plea in abatement No. 2. Fidelity & Casualty Co. of New York v. Jacks (Ala.Sup.) 165 So. 242.[1] No demurrer is addressed to the sufficiency of the complaint in referring to the bond in general terms as a "public liability and property damage bond."

Defendants filed a plea in abatement setting up that the deceased was a minor at the time of his death; that his father was dead, but he left a mother living; that this suit, brought by an administrator, was premature, in that six months had not elapsed. It is further alleged that the mother, within the six months' period, brought suit in a court of competent jurisdiction in Hamilton county, Tenn., to recover for the death of her minor child under Code, § 5695, which suit was still pending.

■ Clearly only one cause of action exists for death by wrongful act. Unless the parent has waived priority under Code, § 5695 (which may be done by himself, or herself, qualifying as administrator, and suing as such, Alabama Fuel & Iron Co. v. Denson, 208 Ala. 337, 94 So. 311), it may be conceded a suit by the personal representative is premature, and demurrer to the pleas in abatement should have been overruled.

But plaintiff interposed what was styled an "answer" to such plea, setting up that the deceased was a married man, left surviving a wife, who is the sole distributee of his personal estate.

After demurrer sustained to the plea, this pleading, in the nature of an amendment to the complaint, remained.

Evidence on this issue was introduced without objection, and without dispute disclosed that deceased, while under 21 years of age, was married at the time he came to his death; his wife survives; her fa-

ther qualified as administrator, and brings this suit.

In such case, does the cause of action arise under section 5695 in favor of the mother, or under section 5696, in favor of the wife, the sole distributee?

This question does not seem to have been before this court. Appellee cites and relies upon McWhorter et al. v. Gibson (Tenn.App.) 84 S.W.(2d) 108.

In that case the Court of Appeals of Tennessee dealt with the action brought by the mother in Hamilton county, Tenn., under our statute, Code, § 5695, growing out of this same death. That case, in a well-reasoned opinion, held no cause of action arose in favor of the mother under section 5695, but under section 5696, for the benefit of the surviving wife, and dismissed the cause.

No question of estoppel is presented by the pleadings before us growing out of a successful defense of the Tennessee suit on the ground stated, and the inconsistent position taken by defendants in the Alabama suit.

But the case is properly cited, and is to be considered as other authorities in construing our statutes.

■ Code, § 5695, under which a suit for death of a minor child may, under named conditions, be maintained by the mother, makes special reference to both the preceding section, 5694, and the succeeding section, 5696. Both these are much older statutes. Section 5694 confers on the father, if living, and occupying the usual relations to his family, a right of action for personal injuries to his minor child, a member of the family. Damages, under this section, include loss of services of the child from the injury, time lost in nursing, etc. McNamara et al. v. Logan, 100 Ala. 187, 14 So. 175; Woodward Iron Co. v. Curl, 153 Ala. 205, 44 So. 974.

If the father, however, has deserted his family, or is in the penitentiary for a term of two years, or confined in the insane asylum, or adjudged insane, he has no right of action, but such right of action is in the mother of the minor, if living.

Very clearly this statute recognizes the common-law obligation of the father touching the maintenance, education, and care of his minor child, a member of his family, and, in return, the right of the father to the services of such child. When the father has deserted the family, or become unable, from causes enumerated, to perform these parental obligations, he loses such right of action, and a right of action accrues to the mother.

■ Section 5695 creates the right of action for death in favor of the father, or in favor of the mother, in the same events named in the preceding section. This is to say, the father has no right of action for death of his minor child if he has, by desertion or disability named, ceased to perform the parental duty of maintenance, etc., with reciprocal right to the child's services.

■■ Damages, under section 5695, are punitive, just as are the damages under section 5696. If there be a surviving parent entitled to sue and recover such damages, but no suit is brought by him or her within six months, an administrator may bring the suit; but the damages recovered are for the benefit of the parent or parents. Ex parte Corder, 222 Ala. 694, 134 So. 130; Benson v. Robinson, 223 Ala. 85, 134 So. 799.

On the death of a minor, who as a rule has no children, the surviving parents become the distributees of his personal estate under the general statute of descents and distribution. If he have brother or sister and only one surviving parent, one-half goes to brothers and sisters, or either, and one-half to the sole surviving parent. Code, §§ 7365, 7374.

The action under sections 5695 and 5696 has the same general purpose, the prevention of homicides by the imposition of damages for wrongful act causing death. Section 5695, limited to cases of a surviving parent, names him or her as the beneficiary of the recovery. Section 5696 names the next of kin entitled to take the personal estate as distributees.

Our law recognizes the lawful marriage of minors. Thereupon, the mutual obligations of parent and minor child in the family relation are greatly modified. A new family relation arises, in which the husband has all the duties of maintenance of his wife and children, if any, as though he were an adult. In case of his death, the surviving wife is the loser of the services, companionship, and care incident to the relation of husband and wife.

■ The recovery by the personal representative under neither of these statutes is,

in the ordinary sense, assets of the decedent's estate. The punitive damages to be assessed by the jury are for the benefit of those named in the statutes, the persons deemed to be entitled thereto by virtue of relationship to the deceased.

Construing these related statutes together, we are in accord with the decision of the Tennessee court as above noted. It follows, the suit was properly maintained by the administrator under section 5696, the recovery being for the benefit of the surviving wife. This is in accord with the rulings of the trial court.

The evidence of plaintiff's witness Evans, to the effect that immediately after the accident he saw the tracks of the vehicles on the highway, and the truck tracks were about in the center of the road, was properly admitted. If anything had intervened to obscure or prevent discovery of the location of the tracks of the truck, this was matter for cross-examination, or opposing evidence. This witness' testimony as to the width of the truck, and the distance the body extended over the wheels, was also admissible under the issues presented by pleading and other evidence.

Defendant casualty company interposed a special plea to the effect that the bond limited the liabilities arising from any one accident to $10,000; that judgments had already been paid for injuries arising from this same accident to the amount of $6,000, and further liability could not exceed $4,000. In view of this plea, there was no error in admitting the testimony of plaintiff's witness Williams, who lost an arm in the accident, to the effect that he had been paid $5,000. This testimony relieved said defendant from proving the same fact under the plea. The verdict limited the recovery as per the plea.

The issues of negligence presented in the pleadings were, under the evidence, for the solution of the jury.

We have considered all assignments of error presented for review. 2 Alabama and Southern Digest, p. 626, ☞721. We find in none of them ground for reversal. Further discussion is deemed unnecessary.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

