15 So.2d 273

## CRUMLY v. CITY OF BIRMINGHAM.

### 6 Div. 137.

Supreme Court of Alabama.

Oct. 7, 1943.

635

Beddow, Ray & Jones, of Birmingham, for appellants.

Wm. L. Clark, of Birmingham, for appellee.

LIVINGSTON, Justice.

During the month of November, 1938, and for some time prior thereto, Mrs. L. A. Crumly and her son Boyd Crumly were joint owners of two houses located on lot 13, block 37, Agnes Avenue, or Fourth Court North Smithfield, Birmingham, Jefferson County, Alabama. During the month of November, 1938, the city of Birmingham, a municipal corporation, acting through its agents, servants or employees, undertook to grade Fourth Court North in front of the property above described, and in the performance of said work elevated the grade of Fourth Court North so as to cause water to run against and under the houses and to accumulate under said houses and damaged them.

Section 657, Title 62, Code of 1940 (section 10, Acts 1915, pages 294, 297) is as follows: "Claims to be filed within one year: exceptions—Except as herein otherwise provided, all claims against the city, except bonds and interest coupons, and claims under written contracts for the payment of money signed by the city, shall be filed with the city clerk or the city officer corresponding thereto, within one year from the accrual thereof to be by him presented to the governing body of such city or the same shall be barred; and no claim against the city shall be sued on until ten days after a statement of same has been filed with the city clerk."

On October 14, 1939, the following claim was filed with the clerk of the city of Birmingham:

"The undersigned claimant, Mrs. L. A. Crumly, files this her claim against the city of Birmingham, Alabama, a municipal corporation, for injuries and damages growing out of street improvements in the city of Birmingham, Alabama.

"The claimant, Mrs. L. A. Crumly, resides at 1036 South 24th Street, Birmingham, Alabama; said claimant shows to the city that she is the owner of two small houses located on Lot 13, Block 37, Agnes Avenue or 4th Court, Smithfield, Birmingham, Alabama; that said houses are numbered 614-616 and 618-4th Court, Smithfield; that said lot fronts fifty feet on 4th Court and extends back one hundred and forty feet to an alley; that said houses are occupied by colored people.

"Claimant further shows that during the month of November, 1938, the city of Birmingham, a municipal corporation, undertook to grade said 4th Court and in doing so necessarily graded that portion of 4th Court which runs in front of my houses and lots; that said grade work was done in conjunction with certain other public work then and there being done in that vicinity by the Works Progress Administration.

"In the performance of said work and under the supervision of the City Commission of said city of Birmingham, Alabama, the grade or elevation of said 4th Court in front of my said lot was raised, and large quantities of dirt, rock and other substances were piled onto my said lot so much so that the injury and damages to my said property was affected in the following manner, to-wit: water was made to run towards my houses; water was made to accumulate under my said houses; that

said houses thereby were caused to rot or deteriorate and become of less value; that red clay dirt was packed against the porches, the sills, and the weatherboarding, thereby causing the same to deteriorate and rot; that water was caused to stand to great depths under the said houses so that crawfishes gathered thereunder and vermin of various kinds were caused to take lodgings in the foundations of said houses and to injure and destroy the same.

"Affiant further shows to the city that as a proximate result of said activities on the part of the city, the aforesaid houses of claimant were damaged to the amount of, to-wit one thousand dollars ($1,000); and claimant hereby presents her claim for damages to the city of Birmingham, Alabama, a municipal corporation as required of said claimant under section 10 of the General Acts of Alabama, 1915, page 297.
"(Signed)  Mrs. L. A. Crumly."

On the first day of November, 1939, the claim having been disallowed by the city, Mrs. L. A. Crumly filed her suit claiming $1,000 damages. On June 25, 1942, the complaint was amended by adding Boyd Crumly as party plaintiff and the addition of count A, a joint action by Mrs. Crumly and Boyd Crumly, claiming $1,000 damages, and to which count plaintiffs attached to and made a part of, the statement of claim set out above.

Demurrers to count A were sustained, whereupon plaintiffs took a nonsuit and appealed.

The record presents but a single question for review. Will the claim filed support a joint suit by Mrs. Crumly and Boyd Crumly? Admittedly, under the provisions of Title 7, section 239, Code of 1940, the amendment of the complaint by adding Boyd Crumly as party plaintiff dates back to the commencement of the suit, and insofar as the applicable general statute of limitations is concerned, his action is not barred. Birmingham Gas Co. v. Sanford et ux., 226 Ala. 129, 145 So. 485.

It is not a condition precedent to an action at common law against a municipality for tortious injury to person or property that the injured party give notice of his injury to the municipal authorities, or present to them his claim for compensation, prior to bringing suit thereon, in the absence of an express requirement of statute, but it is undoubtedly within the power of the legislature to impose such a require-

ment, provided such requirement is not unreasonable. Because of the diversity in the wording of the statutes requiring notice of a claim against the municipality as a prerequisite to suit and the contradictory rulings that have been made in construing the statute, a general rule as to when a person, not named as a claimant in a notice of claim to a municipality, may sustain an action thereon, is neither possible nor practicable.

In respect to the question here presented, we are cited to no case, nor has our search revealed one, construing section 657, Title 62, Code of 1940, section 10, Acts 1915, pages 294, 297.

In the case of City of Birmingham v. Chestnutt, 161 Ala. 253, 49 So. 813, this Court, in construing section 71 of the charter of the city of Birmingham, then in force, Local Acts, 1898–99, pages 1391, 1441, and very similar to section 657, supra, held that a married woman could not maintain an action for damages to her real estate, supported by a claim for damages filed with the city in the name of her husband who owned no interest in the property damaged.

On the other hand, the Court held in the case of McDougall, pro ami, v. City of Birmingham, 219 Ala. 686, 123 So. 83, 63 A. L.R. 1076, in construing section 659, Title 62, Code of 1940, section 12, Acts 1915, pages 294, 298, that an infant suing by next friend could maintain an action for personal injuries, supported by a claim filed by the mother of the infant in her own behalf and not in behalf of the infant.

While section 659, supra, has no application in the instant case—City of Birmingham v. Goolsby, 227 Ala. 421, 150 So. 322—the construction of it by this Court, and of other kindred acts, can be looked to in aid of a proper determination of the issue here presented.

The requirements of section 659, supra, relative to the contents of the notice of claim to be filed with the city, are more comprehensive than the requirements of section 657, supra.

The Chestnutt case, supra, is readily distinguishable from the one here considered. In the Chestnutt case the claim was filed by a person who had no interest whatever in the property damaged. Here, the person who filed the claim owned half interest in the property damaged. The claim filed by her was not confined to a

one-half interest in the property, but claimed full damage for all the injury done to the property. It developed that Mrs. Crumly, instead of owning the entire fee, only owned one-half interest and her son owned the other half interest. After amendment by adding Boyd Crumly as party plaintiff, no damage not claimed in the notice filed with the city was sought. The cause of action counted on in the amended complaint sought the identical damages for which the claim was filed.

■ It is to be noted that the statute here considered, section 657, supra, in no place provides that all joint claimants shall join in the claim filed, or file separate claims for their respective interest. Here, there was a claim filed for full amount by a claimant entitled to a part of the recovery. This gave the city notice provoking inquiry as to the ownership of the property, and opportunity to make adjustment, which the statute contemplates.

■ We cannot read into the statute words omitted by the legislature, especially with a view of depriving a person of the right to a hearing in a court for a wrong alleged to have been sustained. We hold that the claim filed by Mrs. Crumly was sufficient within the meaning of section 657, supra, to support a joint action by Mrs. Crumly and Boyd Crumly.

The court erred in sustaining demurrers to count A. The judgment of nonsuit is set aside, and the cause is reversed and remanded.

Reversed and remanded.

THOMAS, BOULDIN, BROWN, FOSTER, and STAKELY, JJ., concur.

GARDNER, C. J., dissents.