18 So.2d 369

### TAYLOR v. CITY OF CLANTON.

### 5 Div. 377.

Supreme Court of Alabama.

March 2, 1944.

Rehearing Denied June 22, 1944.

J. B. Atkinson and Reynolds & Reynolds, all of Clanton, for appellant.

Gerald & Gerald, of Clanton, for appellee.

LIVINGSTON, Justice.

Suit by Julia Belle Taylor against the City of Clanton, Alabama, a municipal corporation. The complaint contains four counts. Demurrers were sustained to all four counts, and the plaintiff in the court below took a nonsuit, and appealed.

The suit is prosecuted under and by virtue of the provisions of section 119, Title 7, Code of 1940, which reads as follows:

"When the death of a minor child is caused by the wrongful act, or omission, or negligence of any person or persons, or corporation, his or their servants or agents, the father, or the mother, in cases mentioned in the preceding section; or if the father and mother both dead, or if they decline to bring the action or fail to do so within six months from the death of the minor, the personal representative of such minor may sue, and in any case shall recover such damages as the jury may assess; but a suit by any one of them for the wrongful death of the minor shall be a bar to another action, either under this section or under section 123 of this title."

Counts 1, 2 and 3 rested for recovery upon the wrongful employment by defendant of the plaintiff's minor son to engage in dangerous work, without plaintiff's consent, and his injury and death as a consequence thereof. In respect to the questions presented counts 1, 2 and 3 are the same. Count 1 is as follows:

"The plaintiff, Julia Belle Taylor, who brings and prosecutes this suit as the mother of Arthur Lee Williams, deceased, claims of the defendant, the City of Clanton, Alabama, a municipal corporation, the sum of $30,000, as damages for that, heretofore, on to-wit: December 27, 1941, the defendant was engaged in the repairing, rebuilding or construction of the streets and avenues of the City of Clanton and employed or used in said work a large automobile truck with a dump body thereon and on said date one of the officers, agents, servants or employees of the defendant, while acting within the line and scope of his authority as such officer, agent, servant or employee of the defendant, placed said automobile truck with a dump body in charge of one Will Mickey, required said Mickey to drive said truck and knew, at the time of placing said truck in charge of said Will Mickey and requir-

ing him to drive the same, that said Will Mickey was a careless and reckless driver of automobile trucks and on said date, wrongfully and without the consent of the plaintiff, employed plaintiff's son, namely, Arthur Lee Williams who was then a minor of sixteen years of age, to work and ride upon said automobile truck while the same was in charge of and being driven by the said Will Mickey, which said place or work was highly dangerous to a person of his youth and experience, and plaintiff avers that, as a proximate consequence of said wrong, plaintiff's son received injuries on said date, while performing his duties on said truck, from which he died on December 31, 1941, and plaintiff avers that her son received said injuries when said Will Mickey on said date, carelessly and recklessly drove said automobile truck into a large oak tree on Second Avenue West of City of .Clanton, Alabama.

"Plaintiff further avers that she is the mother of Arthur Lee Williams and that the father of the said Arthur Lee Williams, more than five years next preceding December 27, 1941, deserted his family and continuously thereafter has deserted or remained away from his said family and plaintiff further avers that within six months from the time, day and date, when her said son was so injured she, as the mother of said Arthur Lee Williams, filed with the City Clerk of the City of Clanton, Alabama, a sworn statement stating substantially, the manner in which the said Arthur Lee Williams received the injuries, from which he died, and the day, time and place where he was injured, the damages claimed and stating with substantial accuracy the nature and character of the injuries received, together with the plaintiff's residence and business address, all to plaintiff's damages in the aforesaid sum, hence this suit."

Count 4 rested for recovery upon the negligence of defendant's agent, servant or employee, while acting within the line and scope of his authority, and is as follows:

"The plaintiff, Julia Belle Taylor, who brings and prosecutes this claim or suit as the mother of Arthur Lee Williams, a minor of the age of sixteen years, deceased, claims of the defendant the sum of $30,000 as damages for this: On December 27, 1941 the defendant's officer, agent, servant or employee, while acting within the line and scope of his authority as such officer, agent, servant or employee

of the defendant, hired plaintiff's son, the said Arthur Lee Williams, a minor of the age of sixteen years, to work and ride upon said automobile truck, which on said date was then and there engaged in and used for rebuilding and constructing by the defendant of the streets of the City of Clanton, Alabama, and placed said automobile truck on which plaintiff's son was required to ride and work, in the control of one Will Mickey and plaintiff avers that the said officer, agent, servant or employee of the defendant at the time of placing said automobile truck in the control of the said Will Mickey knew that the said Will Mickey was a careless and reckless driver of the automobile truck when requiring plaintiff's son, Arthur Lee Williams, to work or perform his duties thereon; and plaintiff avers that on said date at about five o'clock p. m., while plaintiff's said son was riding on said truck and in the discharge of the duties assigned to him by defendant's said officer, agent, servant or employee and while said Will Mickey was driving the same, the said Will Mickey wrongfully and negligently drove said truck at a high, careless and reckless speed on Second Avenue North of said city and at the intersection of the road or alley that leads to the truck farm of L. E. Diefenderfer, from said avenue, said Will Mickey, while traveling at a high, careless and reckless rate of speed caused said truck, or allowed the same, to suddenly and without warning to turn from said avenue and run into, upon or against a large oak which was located about five feet south of said avenue, with terrific force and as a proximate consequence thereof, plaintiff's said son, Arthur Lee Williams was thrown against the body of said truck and said tree and the ground with such force that he was bruised, injured and cut externally and internally and from which said injuries he died on December 31, 1941, and plaintiff avers that her said son received said injuries from which he died as a direct and proximate consequence of the wrongful act or omission or negligence of the defendant's officer, agent, servant or employee, namely, C. E. Stapp, as mayor of the City of Clanton, Alabama, who was then and there acting within the line and scope of his authority as such officer, agent, servant or employee of the defendant in this: Said C. E. Stapp negligently or wrongfully placed the automobile truck in which plaintiff's said son was required to work, in

the control of one Will Mickey, knowing at the time that the said Will Mickey was a careless and reckless driver of automobile trucks.

"Plaintiff further avers that she is the mother of Arthur Lee Williams and that the father of the said Arthur Lee Williams, more than five years next preceding December 27, 1941, deserted his family and continuously thereafter has deserted or remained away from his said family and plaintiff further avers that within six months from the time, day and date, when her said son was so injured she, as the mother of said Arthur Lee Williams, filed with the city clerk of the City of Clanton, Alabama, a sworn statement, stating substantially the manner in which the said Arthur Lee Williams received the injuries, from which he died, and the day, time and place where he was injured, the damages claimed and stating with substantial accuracy the nature and character of the injuries received, together with the plaintiff's residence and business address. All to plaintiff's damages in the aforesaid sum, hence this suit."

Appellee insists that the trial court's ruling in sustaining the demurrer was without error, first, because of appellant's failure to allege a compliance with section 504, Title 37, Code of 1940. In other words, that the failure of the personal representative of the deceased minor to file the claim with the city barred the cause of action. Section 504, supra, reads as follows:

"No recovery shall be had against any city or town, on a claim for personal injury received, unless a sworn statement be filed with the clerk, by the party injured, or his personal representative, in case of his death, stating substantially the manner in which the injury was received, and the day and time, and the place where the accident occurred, and the damages claimed."

The writer has serious doubt that a personal representative may maintain an action under the provisions of section 119, Title 7, Code of 1940. The reason is, section 123, Title 7, Code of 1940, gives to the personal representative the right to maintain an action for the wrongful death of a minor as well as the right to maintain an action for the wrongful death of an adult; and section 123, supra, was enacted long prior to the adoption of section 119, supra. As said by Justice McClellan, in Lovell v. De Bardelaben Coal & Iron Co., 90 Ala. 13, 7 So. 756, 757, in reference to section 2588, Code of 1886 (now section 119, supra): "Its reference to the personal representative was necessary, on the one hand, to give the parents priority of right over him, and on the other to exclude a construction which might have defeated the representative's right to sue under section 2589 of the Code (now section 123, Title 7, Code of 1940) in a case where the parents had died after right of action accrued, and before suit brought." See, also, McWhorter Transfer Co. v. Peek, 232 Ala. 143, 167 So. 291. But a decision of the question is not here necessary and we lay it to one side.

There is no right of action at common law for the death of a child, and the right to recover damages therefor is purely statutory. Section 119, supra, gave to the parents priority over a cause of action created by statute. White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R.A.,N.S., 568; Smith v. Louisville & N. R. Co., 75 Ala. 449.

Under the provisions of section 119, supra, and the averments of each count of the complaint, the right of action is in the mother and plaintiff, Julia Belle Taylor. The property of the chose in action in this case never did belong to the deceased. It is a right raised exclusively by statute, and, under the facts alleged, the property vests in the parent of the deceased, who has a personal right to sue for the same as her own property. The right conferred on the personal representative to sue, whether by section 119, supra, or 123, supra,—a question we do not now decide, —being a new one, is not found in any administrative right at common law based upon the title of the deceased. The right of property was clearly in the parent under section 119, supra, and all necessary right to assert the same was also in her. White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R.A.,N.S., 568.

Section 504, Title 37, Code of 1940, provides that "no recovery shall be had against any city or town, on a claim for personal injury received, unless a sworn statement be filed with the clerk, by the party injured, or his personal representative, in case of his death", etc.

The cause of action sued on is created exclusively by statute, and the parent has priority of right to it over the personal representative. It is clear, therefore, that the parent would have a right to deal with the claim at her pleasure, at least until

the rights of the representative accrued under the terms of section 119, supra, or 123, supra.

Section 119, supra, was a part of our statutory law before section 504, supra, was adopted. Unquestionably, prior to the adoption of section 504, supra, the parent was not required to file a claim with the city before bringing suit for the death of a minor. And the presumption is that the legislature does not intend to make any alteration in the law beyond what it explicitly declares either expressly or by unmistakable implication, and that it does not intend to overthrow fundamental principles, infringe rights or depart from a general system of law without expressing its intention with irresistible clearness. Goodman v. Carroll, 205 Ala. 305, 87 So. 368.

The construction of section 504, supra, contended for by appellee, would permit the personal representative to completely destroy or bar the right given to the parent under section 119, supra, by his failure or refusal to file a claim with the city. Moreover, in the instant case, it would compel the doing of a vain, useless and to some extent, expensive thing,—the appointment of a personal representative, who could have no interest in the claim. In our opinion, the legislature did not intend such a result, and we hold that section 504, supra, has no application under the facts alleged.

Section 476, Title 37, Code of 1940, does apply to the case presented by the complaint. The presentation for payment to the clerk, under this section, is in the nature of a non-claim and matter to be presented as a defense. Complaints and counts are not required to aver such presentation as a prerequisite to the commencement of such a suit. If suit is begun within the time, it is sufficient presentation, that is, within the limitation pertaining to such an action. Downs v. City of Birmingham, 240 Ala. 177, 198 So. 231; Town of Linden v. American-LaFrance, etc., Industries, 232 Ala. 167, 168, 167 So. 548, and authorities therein cited.

Neither the Workmen's Compensation Act nor the Employers' Liability Act has application in this case. All counts of the complaint are formed under section 119, supra, sometimes referred to as the minor homicide act.

Counts 1, 2 and 3 are rested for recovery upon the employment by the defendant of the plaintiff's minor son to engage in dangerous work, without plaintiff's consent, and his injury and death as a consequence thereof. They are not founded upon the doctrine of negligence. They were not subject to any ground of demurrer interposed. Allen v. Alger-Sullivan Lumber Co., 204 Ala. 92, 85 So. 278; Id., 205 Ala. 352, 87 So. 442; Woodward Iron Co. v. Curl, 153 Ala. 205, 44 So. 974, and cases therein cited.

Count 4 presents an entirely different issue from that set up in counts 1, 2 and 3. Count 4 is rested for recovery upon the negligence of the defendant's officers, agent, servant or employee, namely, C. E. Stapp, who, while acting within the line and scope of his authority, negligently placed the automobile truck in which plaintiff's son was required to work, in the control of one Will Mickey, knowing at the time that said Will Mickey was a careless and reckless driver of automobile trucks, · and which negligence was the proximate cause of her son's death. The allegations of the count are sufficient to state a cause of action for negligence, and was not subject to any ground of demurrer assigned to it.

For the errors pointed out, the judgment of non-suit must be and is set aside, and the cause is reversed and remanded.

Reversed and remanded.

GARDNER, C. J., and STAKELY, J., concur.

FOSTER, J., concurs specially.

FOSTER, Justice (concurring in the conclusion.)

What is now section 119, Title 7, Code of 1940, has been carefully considered in some of our older cases, especially that of White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R.A.,N.S., 568, approving a construction collaterally involved in Tennessee C. I. & R. Co. v. Herndon, 100 Ala. 451, 457, 14 So. 287, in holding that it confers on the parents of a minor child the exclusive right to the benefits of a recovery, although the suit may be by an administrator of the child's estate with a later qualification that the parents had not ceased to discharge their parental duties with reciprocal right to the child's services. McWhorter Transfer Co. v. Peek, 232 Ala. ·143, 146, 167 So. 291.

In White v. Ward, supra [157 Ala. 345, 47 So. 167] (followed in Ex parte Corder, 222 Ala. 694, 134 So. 130, and Benson v. Robinson, 223 Ala. 85, 134 So. 799), in which the question was directly involved as to whether the parents were entitled to the recovery, the court interpreted what is now section 119, supra, as it then appeared without material change in respect to the question now involved, by observing: "The statute * * * conferring also the right upon the administrator to sue, being a new one, is not found in any administrative right at common law based upon the title of the deceased. As against the parents, therefore, the administrator could have no right or title to the chose in action. He could not be said, as against them, to have the legal title, and certainly he had not the equitable title. The right of property was clearly in the parents, and all necessary right to assert the same was also in them. It is entirely clear, therefore, that the parents would have a right to deal with the chose in action, at their pleasure, before, after, or pending the assertion of the right by the administrator * * *. Any release of the claim by the parents, pending a suit by the administrator for recovery, could be well pleaded puis darrein continuance."

I am thoroughly in accord with the opinion of Justice Livingston in the instant case, in observing that section 504, Title 37, Code of 1940, should not be so construed as to deprive the parents of their claim under section 119, supra, by the administrator as the personal representative not filing it as there required. The law cannot mean that the rights of the parents under that section are made to depend upon the appointment of an administrator and upon him filing the claim under section 504, supra, within six months. See, Howell v. Dothan, 234 Ala. 158, 174 So. 624. But I also think that in all cases of personal injury or death claimed to be chargeable to a city, the claim must be filed under section 504, supra, and claims for damages growing out of all other torts must be presented under section 476, Title 37, Code of 1940. A compliance with the former (section 504) is a condition to recovery and it must be alleged in the complaint: the latter (section 476) is a limitation, or as a statute of nonclaim, and need not be alleged in the complaint, but a failure of compliance must be specially pleaded. Howell v. Dothan, supra. See, also, Downs v. City of Birmingham, 240 Ala. 177(24), 185, 198 So. 231.

I do not think that because section 504, supra, provides that in case of death the claim shall be filed by the personal representative it has the effect or was intended to mean that when the claim is for the wrongful death of a minor, section 504 does not apply merely because of the use of the term "personal representative" as the one to file it.

In the case of McDougall v. City of Birmingham, 219 Ala. 686, 123 So. 83, 63 A.L.R. 1076, in construing what is now section 659, Title 62, Code of 1940, which requires a claim for personal injuries to be sworn to and filed by the party injured with the city clerk, we held that a suit by a minor could be maintained, though the claim was filed, not by him as the party injured, but by his parent. And in Crumly v. City of Birmingham, 244 Ala. 634, 15 So.2d 273, this court held that joint owners could sue the city when the claim was filed by only one of them. Those statutory provisions have been construed in such manner as to effectuate their purpose.

Under the terms of section 504, supra, the claim for death is to be filed by the personal representative of decedent. But under our cases, he is but a trustee for the parents when the decedent was a minor with parents occupying the place of parents. They are the owners of the claim in their own exclusive right. They may settle the claim and give an acquittance, though the administrator has sued. I do not think it would be a strained construction of section 504 to hold that such parents may file the statement there required, since it would be for them as beneficiaries if filed in the name of the personal representative. The policy of our courts and statutes is to recognize the beneficial owner of a claim as the one entitled to the remedies provided for its enforcement, though otherwise expressed. Compare sections 126 and 127, Title 7, Code of 1940.

I prefer to base my concurrence on the theory that the complaint which alleges that plaintiff as the parent of the deceased minor suing under section 119, supra, filed a sworn statement of the claim within six months, is sufficient to comply with section 504, supra. But that section 504 applies by its express terms, and constitutes an exception to the torts mentioned in section 476, supra, so far as there is a dif-

ference in legal effect between them, whether the injury or death was that of a minor or of an adult.

I therefore concur in the conclusion only.