177 So. 630

## CITY OF BIRMINGHAM v. SMYER.
### 6 Div. 60.

Supreme Court of Alabama.

Nov. 4, 1937.

Rehearing Granted Dec. 16, 1937.

W. J. Wynn and James H. Willis, both of Birmingham, for appellant.

Smyer, Smyer & Bainbridge, of Birmingham, for appellee.

BROWN, Justice.

The former appeal considered in City of Birmingham v. Smyer, 230 Ala. 234, 160 So. 764, was from a decree on demurrer.

Subsequent to that decision, the complainant, appellee here, amended his bill eliminating all claims except for damages to "Lot 1, in Block 5, Oakwood Land Company's Survey" and damages to the whole property in consequence of broadening the surface water sewer canal across said property.

To the bill as thus amended the defendant, appellant here, pleaded the provisions of section 10 of Act No. 257, relating to cities of its class, approved August 20, 1915, Acts 1915, p. 297, which provides: "Except as herein otherwise provided, all claims against such cities (except bonds and interest coupons, and claims under written contracts for the payment of money signed by the city) shall be filed

with the city clerk or the city officer corresponding thereto, within one year from the accrual thereof to be by him presented to the governing body of such city *or the same shall be barred;* and no claim against such cities shall be sued on until ten days after a statement of same has been filed with the city clerk." (Italics supplied.)

By stipulation between the parties it is conceded that no such claim was filed; but appellee insists on the authority of Kincaid v. City of Seattle, 74 Wash. 617, 134 P. 504, 135 P. 820, that, in view of the provisions of section 235 of the Constitution of 1901, it is not within the competence of the Legislature to impose on a property owner, whose property has been taken without compensation being first made, any duty in respect to asserting his right to such compensation or fixing any limitation thereon. The decision of the Washington State Supreme Court seems to so hold, but that decision is contrary to the reasoning and holding of this court in Ex parte Gudenrath (City of Huntsville v. Gudenrath), 194 Ala. 568, 69 So. 629.

It is well settled that "a party may waive a rule of law or a statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public policy or morals are involved, and, having once done so, he cannot subsequently invoke its protection." City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, 177, Ann.Cas. 1915B, 746; City of Mobile v. Smith, 223 Ala. 480, 136 So. 851.

The failure of complainant to assert his claims to compensation, as provided by the statute, operated as a waiver and a bar to his right to maintain his bill.

The decree of the circuit court is reversed, and the bill is dismissed.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

On Rehearing.

BROWN, Justice.

In disposing of the case on the original consideration, the writer overlooked the fact that the defendant did not plead the statute of nonclaim and limitation to the complainant's claim of damages for the land taken in "Lot 1, Block 5, Oakwood Land Company's Survey," but limited said plea to damages by way of injury to the lands not taken, and damages to the whole property in consequence of broadening the surface water sewer canal and for land taken in that project.

As to the damages for land taken in said lot 1, the defendant conceded its liability and offered to pay reasonable compensation which the circuit court fixed at "$800.00 together with interest thereon from October 15, 1931."

The rehearing is therefore granted, the decree dismissing complainant's bill is set aside and held for naught, and a decree now entered correcting the decree of the circuit court limiting complainant's damages to the recovery of said $800 and interest, and, as corrected, the decree is affirmed. The appellee will pay the costs of this appeal in this court and the cost of the appeal incurred in the circuit court.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.