1 So.2d 5

**CITY OF BIRMINGHAM v. NICHOLS.**

6 Div. 820.

Supreme Court of Alabama.

March 6, 1941.

Rehearing Denied April 3, 1941.

John S. Foster, of Birmingham, for appellant.

108

M. L. Taliaferro and D. H. Markstein, Jr., both of Birmingham, for appellee.

BROWN, Justice.

This appeal is by the defendant from a judgment entered on the verdict of a jury awarding plaintiff damages for injury to his property, resulting from erosion of the bank of a ravine draining a considerable area within the corporate limits of the defendant municipal corporation.

The plaintiff's case in substance, considering the evidence most favorably to him, is this: He owned a house and lot within the corporate limits which he used as a residence and store. The ravine and the small stream or branch draining the area above his property is located along the west margin of his lot, and the west wall of the house and the foundation thereof extend along on the west margin of the property, supported by a retaining wall along said ravine the length of the house. The defendant in the improvement of its streets in the area along said ravine above the plaintiff's property utilized said drain to carry off surface water in time of rainfall, and to accelerate its passage down the drain had dredged and deepened the drain, widened its banks and cut away the small shrubbery and trees growing along its banks, without taking any precaution to protect the lower proprietors from the onrush of the water in time of floods, in consequence of which the earth sustaining the foundation of plaintiff's house was washed out, allowing the house to settle.

The complaint originally contains sixteen counts, but some of the counts were withdrawn, and the case submitted to the jury on counts 2, 3, 5, 6, 7, 8, 9, 11, 12, 14, 15 and 16. All of said counts are in case except counts 5, 6 and 7, which are in trespass. The defendant pleaded the general issue, in short by consent, with leave to offer evidence supporting special defenses with like leave of plaintiff to reply. The evidence wholly fails to support the trespass counts. It does not show or tend to show that the defendant in widening the ditch "extended the ditch onto plaintiff's said property and removed a part of plaintiff's said property," as averred in said counts. The court therefore erred in refusing charges 5, 6 and 19, requested by the defendant in writing—the affirmative charge as to counts 5 and 6 of the complaint.

Counts 14, 15 and 16, in case, find support in the evidence, and these allege that in consequence of the acts of the defendant, its agents or servants in utilizing the drain, that on the third day of September, 1935, "surface water was caused or allowed to flow in increased amounts into and through a certain ditch or ravine passing through the said area and along the westerly side of the said premises of plaintiff, thereby proximately causing the said ditch to overflow onto the plaintiff's said property and to wash away part of the plaintiff's said property, and to undermine and weaken the foundations of the plaintiff's said building," to his damage.

The other counts in case aver that the damage occurred on September the third or fourth, 1935, and each of said counts avers that claim was made, and notice given pursuant to the requirements of the statute. Gen.Acts 1915, p. 297, § 10.

The only claim and notice offered in evidence was for damages occurring on "the 18th day of September, 1934."

The appellee, however, insists that he attached as exhibit A to his complaint a duplicate copy of the claim filed, but there was no proof of the exhibit and it was not offered in evidence. Without

such proof it was mere pleading, which carried the burden on plaintiff to prove it.

The rule of our decisions excepting city or urban lots from the general rule of servitude imposes on municipalities, utilizing natural drains to accelerate the flow of surface water, the duty of protecting lower proprietors against damage to their property. Southern Railway Co. v. Lewis, 165 Ala. 555, 51 So. 746, 138 Am.St.Rep. 77; Crabtree v. Baker, 75 Ala. 91, 51 Am.Rep. 424; Hall v. Rising, 141 Ala. 431, 433, 37 So. 586; Arndt v. City of Cullman, 132 Ala. 540, 31 So. 478, 90 Am.St.Rep. 922; 27 R. C.L. 1156, § 81; Morgan County v. Standridge, 235 Ala. 486, 179 So. 912.

The appellant insists that in the absence of proof of the filing of the claim with the city as alleged in the several counts, as required by statute, a defense made available by the defendant's pleas, the defendant was due the affirmative charge which it requested in writing. City of Birmingham v. Smyer, 235 Ala. 116, 177 So. 630; Covington County v. O'Neal, 239 Ala. 322, 195 So. 234.

It does not appear that this failure of proof was called to the court's attention as required by circuit court rule of practice 35.

Whether this failure justifies the refusal of the affirmative charge we need not decide, as the case must be reversed for other reasons. See, however, City of Birmingham v. Smith, 231 Ala. 95, 163 So. 611; McDougall v. City of Birmingham, 219 Ala. 686, 123 So. 83, 63 A.L.R. 1076; Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 126 So. 869.

Reversed and remanded.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.