7 So.2d 89

### WOODMEN OF THE WORLD LIFE INS. SOC. v. GREATHOUSE.
### 6 Div. 842.

Supreme Court of Alabama.
March 12, 1942.

Rehearing Denied April 9, 1942.

Harsh, Harsh & Hare, of Birmingham, for appellee.

Wm. B. McCollough, of Birmingham, for appellant.

BROWN, Justice.

This is an action of assumpsit by the beneficiary named in a benefit certificate or policy of life insurance issued to Abief Greathouse, as a member of the defendant's fraternal benefit association, insuring his life in the sum of one' thousand dollars.

The complaint consists of two counts, averring the issuance of said policy by the defendant, the fact of Greathouse's death, and notice thereof to the defendant. The pleas were the general issue and several special pleas, and replications thereto.

The case went to the jury on the issue presented by the defendant's pleas three and four, the plaintiff's general replication taking issue thereon and her special replication designated as "replication A" addressed to said pleas three and four.

Said pleas three and four, which are in substance and legal effect identical, set up a forfeiture of the benefits secured or granted by the undertaking insuring said life, in that under the provisions of the constitution, laws and by-laws of said association, made by the statute, Code of 1923, § 8477, Code 1940, Tit. 28, § 204, and the

contract itself a part thereof, the premiums, the consideration for the issuance of said certificate, and essential to maintain it in full force and effect, were required to be paid monthly, during the month, and said assured failed to pay the premium of $1.90 for the month of June, 1938, and did not pay the same until the 17th of July, 1938. And under the constitution, laws and by-laws of said association his failure to pay automatically worked a forfeiture of all benefits under said certificate and terminated said contract.

Said replication A, to state its substance and legal effect, asserts that the defendant has estopped itself to plead said forfeiture in that it not only received and retained said payment for the month of June, 1938, with knowledge that it was paid in July, but that in pursuance of a resolution of the board of directors of said association, subsequently adopted it by letter dated February 25, 1939, and sent through the mails advised said assured that he was a member of over two years standing, and on account of economies effected in 1938, the society was making a refund to each member in said class, and enclosed thereunto a check covering such refund, as the assured's share. That thereafter on the faith of said recognized status the assured paid all premiums due from him up to and including the month of June, 1939, and defendant received and still retains the same.

· The pleas to which this replication is addressed, each alleges that at the time of said non-payment for the month of June, 1938, and prior thereto said assured was not in good health but was afflicted with tuberculosis, and that the constitution, laws and by-laws of the association provided, to state the provisions in substance, that to be reinstated after default in payment of dues, the member must not only pay the dues but must furnish proof of his good health and warrant that he will remain in good health for thirty days, or must make a new contract.

It is appellant's contention that plaintiff's replication A to the defendant's pleas three and four was faulty in not averring that the defendant had actual knowledge that the assured was not in good health but was afflicted with tuberculosis, when it received, accepted and retained said delayed payment of June, 1938, and was subject to the specific grounds of demurrer taking this point.

The replication does not assert or rely upon such reinstatement or new contract as an answer to said pleas, but asserts that the defendant by its conduct and words in accepting and retaining said delayed pay-ment and subsequently treating and stating to the assured that his certificate was and had been continually in force for two years, and making a refund of a dividend thereon, and thereby inducing the assured to continue to pay the subsequently accruing premiums on said certificate up to the month of the assured's death and retaining all of said premiums, is estopped from pleading the truth—that is that said assured forfeited the benefits under said certificate by not paying the premium for the month of June, 1938, during said month.

One of the accepted definitions of an estoppel is: "It is called an estoppel or conclusion, because a man's own acts or acceptance stoppeth or closeth up his mouth to allege or plead the truth." Coke's Lit. 352a; 10 R.C.L. 675, § 2; Houston Nat. Bank of Dothan v. Eldridge, 17 Ala.App. 235, 84 So. 430; Emerson-Brantingham Implement Co. v.·Arrington, 216 Ala. 21, 112 So. 428.

And, acts and conduct without words, if calculated to mislead and do mislead furnish a basis for an estoppel, without regard to the intention of the actor. Irvin v. Irvin, 207 Ala. 493, 93 So. 517.

If defendant had refused the delayed payment and asserted the forfeiture in July, 1938, it would have saved the assured from paying another full year's premiums, and might have enabled him to make other provisions for the protection of his wife. The law will not permit it to close its eyes, so to speak, remain silent and accept and retain the benefits, and after the assured is dead, assert that he forfeited the benefits in June, 1938. The demurrers were not well taken and were overruled without error.

The several special charges requested by defendant and refused by the court, made the predicate for assignments of error 4 to 9 inclusive are based on a forfeiture of benefits by the assured's failure to pay the June assessment of 1938, during that month, and ignore the issues presented by the plaintiff's replication A, and were therefor well refused.

The court by giving several affirmative instructions in writing at the

request of the defendant eliminated all issues of fact except those presented by the plaintiff's replication to defendant's pleas three and four, and as to these issues gave full oral instructions placing the burden of proof on the plaintiff. The oral charge and the several excerpts therefrom, made the basis of assignments of error 13 to 17, inclusive, if subject to criticism at all it was in its terminology—the use of waive or waiver sometimes in lieu of estoppel, but the legal effect of waiver and estoppel is the same and may work the loss of constitutional and statutory rights as well as contract rights. City of Birmingham v. Smyer, 235 Ala. 116, 177 So. 630. There was no error to reverse here.

The issues submitted to the jury, were properly so submitted, and the evidence amply supports the verdict. The affirmative charge was properly refused and the motion for new trial was overruled without error. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

This disposes of all assignments of error argued.

Affirmed.

GARDNER, C. J., THOMAS, and LIVINGSTON, JJ., concur.