Appeal by United States Fidelity and Guaranty Company from a judgment entered on a jury verdict in favor of Rita McKinnon.
Rita McKinnon filed an action against USFG seeking damages for its denial of her claim under an uninsured motorists provision of a liability insurance policy issued to her mother, Mrs. Mary G. Haney. The complaint alleged:
Count I
 1. On or about the 30th day of March, 1975, on a public road in Munford, Talladega County, Alabama, one Gregory Gurley negligently or wantonly caused or *Page 602 
allowed a motor vehicle to collide with a motor vehicle occupied by plaintiff, Rita McKinnon, and her husband, Johnny McKinnon.
 "2. As a proximate consequence of said Gregory Gurley's said negligence or wantonness, plaintiff was caused to suffer the following injuries and damages, to-wit:
 "Plaintiff, Rita McKinnon, was bruised, contused, her leg was broken, her ankle was crushed, she was made sick and sore and she has been put to great expense and inconvenience for medical attention, doctor's bills, hospital bills, drugs, etc., in and about her efforts to heal and cure the aforesaid injuries;
 "Plaintiff's husband, Johnny McKinnon, was bruised, contused, his leg was broken, he was made sick and sore, and plaintiff, Rita McKinnon, has been put to great expense and inconvenience for medical attention, doctor's bills, hospital bills, drugs, etc., in and about her efforts to heal and cure the aforesaid injuries of her husband; plaintiff lost the services of her husband.
 "3. At the time of the said accident said Gregory Gurley did not have a policy of liability insurance providing coverage for the automobile that he was driving. The defendant, United States Fidelity and Guaranty Company, had in full force and effect a policy of liability insurance insuring plaintiff. Plaintiff further avers that by the terms of said liability insurance policy in full force and effect which covered the plaintiff that United States Fidelity and Guaranty Company promised to pay all sums up to $10,000.00 which the insured or his legal representative, or any of his relatives shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injuries sustained by the insured or any relative caused by accident and arising out of ownership, maintenance or use of said uninsured automobile. Plaintiff avers that the said Gregory Gurley was the operator of an uninsured automobile under the terms of the policies referred to herein and that he was operating the automobile on which there was no bodily bond or insurance applicable at the time of the said accident with respect to any persons legally responsible for the use of said automobile. Plaintiff further avers that she incurred damages in great excess of $10,000.00 as a result of the above described collision of which defendant has had notice and the defendant, United States Fidelity and Guaranty Company, has failed and refused to pay the same.
 "WHEREFORE, plaintiff demands judgment against defendant in the sum of $20,000.00 plus 6 percent interest accruing from the date of May 28, 1975, and costs and attorney's fee."
USFG answered by general denial and asserted contributory negligence as an affirmative defense. Thereafter Mrs. McKinnon amended her complaint to add Count II, which claimed:
Count II
 "At all times the named insured has stood ready to pay all premiums required by the aforementioned policy and that said named insured had paid all premiums due before and after the accident of March 30, 1975. The named insured paid said premiums only after defendant and/or defendant's agent had represented that the policy covered the plaintiff and said defendant and/or their agent continued to represent such coverage and continued to take premiums due from the named insured after the accident. Plaintiff was aware of the representations of said defendant and expected coverage as an insured under the provisions of the policy. Said plaintiff did rely on such representations on the day of the accident and thereafter. Plaintiff avers that such representations were knowingly and deceitfully false and further demands damages in the amount of $40,000.00."
The case went to the jury on the two counts in the complaint as amended. The *Page 603 
jury returned a general verdict in favor of Rita McKinnon in the amount of $55,000. USFG moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court conditioned granting a new trial upon Rita McKinnon's consent to remittitur in the sum of $15,000. Mrs. McKinnon accepted the remittitur under protest and final judgment was entered in the amount of $40,000. Then this appeal.
A history of the policy is vital to an understanding of the case. USFG had issued a Family Automobile Policy — Liability and Physical Damage to Nathaniel R. Haney (Rita McKinnon's father). The schedule of that policy provided:
[EDITORS' NOTE: LOGO IS ELECTRONICALLY NON-TRANSFERRABLE.]
 UNITED STATES FIDELITY AND GUARANTY COMPANY BALTIMORE MARYLAND FAMILY AUTOMOBILE POLICY — LIABILITY AND PHYSICAL DAMAGE DECLARATIONS
=================== Named Insured Address (No. Street, =============== | Town, County, State, Zip Code) | | |ITEM 1. The owned | | Branch automobile | | Office and will be | | Agent or principally| | Broker: garaged in | | the town | | shown | | opposite | | unless | | otherwise | | stated | • Nathaniel R. Haney | Talladega herein. | 603 Leahy Circle | Insurance | Talladega, Talladega | Agency | County, Alabama | Talladega, | | Alabama ______________| | Form Nos. of | | Endorsements | | on Policy |_____________________________________|________________ | Policy | Policy 12:01 | TRAN | Co. | B.O. | AGENT | Number | Period A.M. | | | | | | To: Standard | | | | Auto 1898-1,1881, | | | | | | 1980 | CAF N | May 23, Time at | | | | | 26749 | 1973 the add- | | | | | | May 23, ress of | | | | | | 1974 the | | | | | | Named | | | | | | Insured | | | | | | as stated| | | | | | herein. | | | | 0546 __________________________________________________________________________ Occupation Plumber — Post Engineer Renews: CAF J 39389 of Named Insured:
__________________________________________________________________________ITEM 2. The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the Company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto. _________________________________________________________________________ COVERAGES | LIMITS OF LIABILITY | PREMIUMS | _______________________________|_________________________________________| A. Bodily Injury | $ 10,000 each person $ 20,000 each occurrence | Liability | | _____________________|___________________________________________________| B. Property Damage | $ 10,000 each occurrence | Liability | | _____________________|___________________________________________________| C. Medical Payments | $ 500 each person | _____________________|___________________________________________________| D. (1) Comprehensive | Actual Cash Value } Automobile 1 $ | Excluding | unless otherwise stated } Automobile 2 $ | Collision | | _____________________|___________________________________________________| (2) Personal | $100 | Effects | | _____________________|___________________________________________________| E. Collision | Automobile 1 Actual Cash Value, less $ Deductible | | Automobile 2 Actual Cash Value, less $ Deductible | _____________________|___________________________________________________| F. Towing and Labor | $25 per disablement | Costs | | _____________________|___________________________________________________| G. Uninsured | | Motorists (Family | | Protection) — | | Bodily Injury | | Only | $ 10,000 each person $ 28,000 each accident | _____________________|___________________________________________________|
__________________________________________________________________________ COVERAGES | AUTOMOBILE 1 | AUTOMOBILE 2
A. Bodily Injury | $ 70. | $ 34. Liability | | _____________________|_____________________________|______________________ B. Property Damage | $ 47. | $ 23. Liability | | _____________________|_____________________________|______________________ C. Medical Payments | $ 8. | $ 4. _____________________|_____________________________|______________________ D. (1) Comprehensive | | Excluding | | Collision | $ | $ _____________________| | (2) Personal | | Effects | | _____________________|_____________________________|______________________ E. Collision | | | $ | $ __________________________________________________________________________ F. Towing and Labor | $ | $ Costs | | _____________________|_____________________________|______________________ G. Uninsured | | Motorists (Family | | Protection) — | | Bodily Injury | | Only | $ 6. | $ 5. _____________________|_____________________________|______________________ | $ | $ _____________________|_____________________________|______________________ TOTAL $ 131. $ 66. _____________________|_____________________________|______________________ Combined Premiums for Automobile 1 and Automobile 2 $ 197. __________________________________________________________________________ITEM 3. Description of Owned Automobile or Trailer _________________________________________________________________________ | H.P. | Identification, | FOB List Price or | Year, Make, Model, | and | Motor, | Delivered Price | Body Type | C.I.D. | Serial Number | at Factory | ______________________|________|___________________|_____________________| 1. 1964 Chevrolet | | | | Impala | | 41839C130202 | $ | ______________________|________|___________________|_____________________| 2. 1968 Chevrolet | | | | 1/2 T.P.U. | | CS148A190417 | $ | ______________________|________|___________________|_____________________|
__________________________________________________________________________ITEM 3. Description of Owned Automobile or Trailer RATING INFORMATION CODES __________________________________________________________________________ Year, Make, Model, | Purchased | | | | | Body Type |___________| LOCATION | PRIMARY | SEC. | AGE | SYM. | Mo. New | | CLASS | CLASS | GR. | | Yr. or | | | | | | Used | | | | | _____________________|___________|__________|_________|_______|_____|_____ 1. 1964 Chevrolet | | 01/10 | 8561 | 21 | | Impala | | | | | | _____________________|___________|__________|_________|_______|_____|_____ 2. 1968 Chevrolet | | 01/10 | 8111 | 21 | | 1/2 T.P.U. | | | | | | _____________________|___________|__________|_________|_______|_____|_____
Listed as principal drivers on the agent's worksheet made before issuance of this policy were Mr. Haney and his son, Keith. Mr. Haney died on 14 October 1973, and sometime thereafter the policy was changed to show Mrs. Haney as the named insured. The evidence shows that Mrs. Haney did not drive, and shortly after her husband's death went to the Talladega Insurance Agency office, accompanied by her daughter, Rita McKinnon, to inquire if Rita could be added as a driver under the policy. There she conversed with Mrs. Katherine Thrasher, an employee of the agency and good friend of ten years. At trial Mrs. Haney, by deposition, gave the following account of the conversation:
 "Q. Do you remember what was said in that conversation?
 "A. Just that I asked if Rita could be put on as the driver because I needed her to drive and would it cover her and she said yes. And that she could be put on."
The evidence shows Mrs. Thrasher suggested that she rate one of the two automobiles according to a premium based upon Rita McKinnon being the principal driver, in order to reduce the aggregate premium *Page 604 
for insuring both vehicles. This was done and she was listed as such on the rate worksheet.
In May 1974, Mrs. Haney received the following schedule from USFG attached to her policy:
[EDITORS' NOTE: LOGO IS ELECTRONICALLY NON-TRANSFERRABLE.]
 UNITED STATES FIDELITY AND GUARANTY COMPANY BALTIMORE MARYLAND FAMILY AUTOMOBILE POLICY — LIABILITY AND PHYSICAL DAMAGE DECLARATIONS
=================== Named Insured Address (No. Street, =============== | Town, County, State, Zip Code) | | |ITEM 1. The owned | | Branch automobile | | Office and will be | | Agent or principally| | Broker: garaged in | | the town | | shown | | opposite | | unless | | otherwise | | stated | Mary R. Haney | Talladega herein. | 603 Leahy Circle | Insurance | Talladega, Talladega | Agency | County, Alabama | Talladega, | | Alabama ______________| | Form Nos. of | | Endorsements | | on Policy |______________________________________________________ | Policy | Policy 12:01 | TRAN | Co. | B.O. | AGENT | Number | Period A.M. | | | | | | To: Standard | | | | Auto 1898-1,1881, | | | | | | 1980, 2005 | CAF S | May 23, Time at | | | | | 60965 | 1974 the add- | | | | | | May 23, ress of | | | | | | 1975 the | | | | | | Named | | | | | | Insured | | | | | | as stated| | | | | | herein. | | | | 0546 ___________________|________|__________________|______|_____|______|______ Occupation Housewife Renews: CAF N 26749 of Named Insured:
__________________________________________________________________________ITEM 2. The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the Company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto. _________________________________________________________________________ COVERAGES | LIMITS OF LIABILITY PREMIUMS | _____________________|___________________________________________________| A. Bodily Injury | $ 10,000 each person $ 20,000 each occurrence | Liability | | _____________________|___________________________________________________| B. Property Damage | $ 10,000 each occurrence | Liability | | _____________________|___________________________________________________| C. Medical Payments | $ 500 each person | _____________________|___________________________________________________| D. (1) Comprehensive | Actual Cash Value } Automobile 1 $ | Excluding | unless otherwise stated } Automobile 2 $ | Collision | | _____________________|___________________________________________________| (2) Personal | $100 | Effects | | _____________________|___________________________________________________| E. Collision | Automobile 1 Actual Cash Value, less $ Deductible | | Automobile 2 Actual Cash Value, less $ Deductible | _____________________|___________________________________________________| F. Towing and Labor | $25 per disablement | Costs | | _____________________|___________________________________________________| G. Uninsured | | Motorists (Family | | Protection) — | | Bodily Injury | | Only | $ 10 ,000 each person $ 20,000 each accident | _____________________|___________________________________________________| _________________________________________________________________________|
__________________________________________________________________________ COVERAGES | AUTOMOBILE 1 | AUTOMOBILE 2
A. Bodily Injury | $ 99.00 | $ 41.00 Liability | | _____________________|_____________________________|______________________ B. Property Damage | $ 67.00 | $ 28.00 Liability | | _____________________|_____________________________|______________________ C. Medical Payments | $ 12.00 | $ 5.00 _____________________|_____________________________|______________________ D. (1) Comprehensive | | Excluding | | Collision | $ | $ _____________________| | (2) Personal | | Effects | | _____________________|_____________________________|______________________ E. Collision | | | $ | $ __________________________________________________________________________ F. Towing and Labor | $ | $ Costs | | _____________________|_____________________________|______________________ G. Uninsured | | Motorists (Family | | Protection) — | | Bodily Injury | | Only | $ 6.00 | $ 5.00 _____________________|_____________________________|______________________ | $ | $ _____________________|_____________________________|______________________ TOTAL $ 184.00 $ 79.00 _____________________|_____________________________|______________________ Combined Premiums for Automobile 1 and Automobile 2 $ 268.00 __________________________________________________________________________ITEM 3. Description of Owned Automobile or Trailer __________________________________________________________________________ | H.P. | Identification, | FOB List Price or | Year, Make, Model, | and | Motor, | Delivered Price | Body Type | C.I.D. | Serial Number | at Factory | ______________________|________|___________________|_____________________| 1. 1969 Chevrolet | | | | Comaro 2/D Ht. | | 124374N571571 | $ | ______________________|________|___________________|_____________________| 2. 1964 Chevrolet | | | | Impala | | 41839C130202 | $ | ______________________|________|___________________|_____________________|
__________________________________________________________________________ITEM 3. Description of Owned Automobile or Trailer RATING INFORMATION CODES __________________________________________________________________________ Year, Make, Model, | Purchased | | | | | Body Type |___________| LOCATION | PRIMARY | SEC. | AGE | SYM. | Mo. New | | CLASS | CLASS | GR. | | Yr. or | | | | | | Used | | | | | _____________________|___________|__________|_________|_______|_____|_____ 1. 1969 Chevrolet | | 01/10 | 8761 | 22 | | Comaro 2/D Ht. | | | | | | _____________________|___________|__________|_________|_______|_____|_____ 2. 1964 Chevrolet | | 01/10 | 8111 | 22 | | Impala | | | | | | _____________________|___________|__________|_________|_______|_____|_____
Concerned whether Rita and Keith were covered under the policy, Mrs. Haney, in the presence of Rita, phoned Talladega Insurance Agency to find out why they were not listed on the schedule. Again she spoke with Mrs. Thrasher. Mrs. Haney's testimony, by deposition, gives the following narrative of the conversation:
 "Q. Did you call or make any effort to contact Talladega Insurance Agency or U.S.F.G. to find out just what this policy covered?
 "A. I called and asked if Rita and Keith were on it because it didn't have anyone's name on it but mine.
"Q. Who did you call?
"A. I talked to Mrs. Thrasher.
 "Q. You are the one that dialed the number, do you remember how they answered the phone?
 "A. They just said Talladega Insurance Agency and I asked to speak to Mrs. Thrasher.
 "Q. You know Mrs. Thrasher, don't you, she is a personal friend of yours?
 "A. Yes, sir. She's the one that has always handled our car insurance.
 "Q. When you talked to Mrs. Thrasher, what if anything was said about this policy?
 "A. She said that Rita and Keith were on there, both, that they were included.
 "Q. You say that they were on there. Do you remember if she said whether or not they were insured by this policy?
"A. Yes, sir. —"
Following this conversation, Mrs. Haney did not receive anything which purported to alter or amend the policy. *Page 605 
In May 1975, Mrs. Haney received a policy from USFG to cover the period from 23 May 1975 to 23 May 1976. The schedule of this policy, as did the previous one, showed Mrs. Haney as the named insured:
[EDITORS' NOTE: LOGO IS ELECTRONICALLY NON-TRANSFERRABLE.]
 UNITED STATES FIDELITY AND GUARANTY COMPANY BALTIMORE MARYLAND FAMILY AUTOMOBILE POLICY — LIABILITY AND PHYSICAL DAMAGE DECLARATIONS
=================== Named Insured Address (No. Street, =============== | Town, County, State, Zip Code) | | |ITEM 1. The owned | | Branch automobile | | Office and will be | | Agent or principally| | Broker: garaged in | | the town | | shown | | opposite | | unless | | otherwise | | stated | • Mary G. Haney | Talladega herein. | 603 Leahy Circle | Insurance | Talladega, Alabama 35160 | Agency | Talladega, County | Talladega, | | Alabama ______________| | Form Nos. of | | Endorsements | | on Policy |_____________________________________|________________ | Policy | Policy 12:01 | TRAN | Co. | B.O. | AGENT | Number | Period A.M. | | | | | | To: Standard | | | | Auto-1898-1,1881, | | | | | | 1980, 2005 | CAF V | May 23, Time at | | | | | 25648 | 1975 the add- | | | | | | May 23, ress of | | | | | | 1976 the | | | | | | Named | | | | | | Insured | | | | | | as stated| | | | | | herein. | | | | 0546 ___________________|________|__________________|______|_____|______|______ Occupation Housewife Renews: CAFS 60965 of Named Insured:
__________________________________________________________________________ITEM 2. The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the Company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto. __________________________________________________________________________ COVERAGES | LIMITS OF LIABILITY PREMIUMS | _____________________|___________________________________________________| A. Bodily Injury | $ 10 n ,000 each person $ 20,000 each occurrence | Liability | | _____________________|___________________________________________________| B. Property Damage | $ 10,000 each occurrence | Liability | | _____________________|___________________________________________________| C. Medical Payments | $ 500 each person | _____________________|___________________________________________________| D. (1) Comprehensive | Actual Cash Value } Automobile 1 $ | Excluding | unless otherwise stated } Automobile 2 $ | Collision | | _____________________|___________________________________________________| (2) Personal | $100 | Effects | | _____________________|___________________________________________________| E. Collision | Automobile 1 Actual Cash Value, less $ Deductible | | Automobile 2 Actual Cash Value, less $ Deductible | _____________________|___________________________________________________| F. Towing and Labor | $25 per disablement | Costs | | _____________________|___________________________________________________| G. Uninsured | | Motorists (Family | | Protection) — | | Bodily Injury | | Only | $ 10,000 each person $ 20,000 each accident | _____________________|___________________________________________________| _____________________|___________________________________________________|
__________________________________________________________________________ COVERAGES | AUTOMOBILE 1 | AUTOMOBILE 2
A. Bodily Injury | $ 90. | $ 34. Liability | | _____________________|_____________________________|______________________ B. Property Damage | $ 61. | $ 23. Liability | | _____________________|_____________________________|______________________
C. Medical Payments | $ 11. | $ 4. _____________________|_____________________________|______________________ D. (1) Comprehensive | | Excluding | | Collision | $ 53. | $ 14. _____________________| | (2) Personal | | Effects | | _____________________|_____________________________|______________________ E. Collision | | | $ | $ ___________________________________________________________________________ F. Towing and Labor | $ | $ Costs | | _____________________|_____________________________|_______________________ G. Uninsured | | Motorists (Family | | Protection) — | | Bodily Injury | | Only | $ 6. | $ 5. _____________________|_____________________________|______________________ | $ | $ _____________________|_____________________________|______________________ TOTAL $ 221. $ 80. __________________________________________________________________________ Combined Premiums for Automobile 1 and Automobile 2 $ 301. __________________________________________________________________________ITEM 3. Description of Owned Automobile or Trailer ______________________|________|___________________|_____________________| | H.P. | Identification, | FOB List Price or | Year, Make, Model, | and | Motor, | Delivered Price | Body Type | C.I.D. | Serial Number | at Factory | ______________________|________|___________________|_____________________| 1. 1969 Chevrolet | | | | Comaro | 2/D | Ht 124374N571571 | $ | ______________________|________|___________________|_____________________| 2. 1963 Volkswagen | | | | 2/D | | 3522567 | $ | ______________________|________|___________________|_____________________|
__________________________________________________________________________ITEM 3. Description of Owned Automobile or Trailer RATING INFORMATION CODES __________________________________________________________________________ Year, Make, Model, | Purchased | | | | | Body Type |___________| LOCATION | PRIMARY | SEC. | AGE | SYM. | Mo. New | | CLASS | CLASS | GR. | | Yr. or | | | | | | Used | | | | | _____________________|___________|__________|_________|_______|_____|_____ 1. 1969 Chevrolet | | 01/10 | 8761 | 22 | | Comaro | | | | | | _____________________|___________|__________|_________|_______|_____|_____ 2. 1963 Chevrolet | | 01/10 | 8111 | | |
 Impala | | | | | 6 | 2 _____________________|___________|__________|_________|_______|_____|_____
Concerned, as before, Mrs. Haney phoned the agency and again spoke with Mrs. Thrasher. Mrs. Haney's deposition also supplies an account of this conversation:
 "Q. When you received this policy did you contact anyone concerning —
"A. I sure did. I did every time.
"Q. And who did you talk to on this occasion?
"A. I talked to Mrs. Thrasher.
 "Q. And what if anything was said about who was covered?
 "A. She said it was the same way that it has been all the time, that Rita and Keith were on it. Were still covered."
Rita McKinnon was present with her mother during this conversation.
The evidence discloses that USFG's agent, Talladega Insurance Agency, at the very latest, before the 30 March 1975, accident involved in this litigation had knowledge that Rita McKinnon was no longer living in her mother's, Mrs. Haney's household. This was before the last renewal of the policy in May 1975.
There are three issues crucial to a disposition of this appeal. They are:
1. Was Rita McKinnon covered under the policy?
2. What is the extent of coverage?
3. Is the verdict self-contradictory?
 I Was Rita McKinnon Covered?
The controversy between Rita McKinnon and USFG centers around whether Rita McKinnon was covered under the uninsured *Page 606 
motorists provision of the policy issued to her mother at the time of the accident from which this litigation arose. Coverage under that provision depends on whether Mrs. McKinnon was an insured. "Insured" is defined as * * * the Named Insured and any relative * * *." "Relative" under the policy is "* * * a relative of the Named Insured who is a resident of the same household * * *."
Rita McKinnon insists she was covered. She contends USFG listed her on its worksheet, calculated the premium based upon her being a principal driver, and on several occasions represented that she was insured by the policy. USFG claims it is abundantly clear and without dispute that the policy does not, by its terms, insure Mrs. McKinnon. It further says Rita McKinnon was not a relative of Mrs. Haney, the named insured, living in the same household.
However, as noted, Rita McKinnon was known by Mrs. Thrasher to be living elsewhere than in her mother's home before the incident giving rise to this action.
We hold: based upon facts within its knowledge (Mrs. McKinnon's residence elsewhere than in her mother's household); the representations made that Mrs. McKinnon was covered; and reliance on those representations by both Mrs. Haney and Mrs. McKinnon, that USFG is estopped to deny Mrs. McKinnon is insured under Mrs. Haney's policy.
Fundamentally:
 "* * * `It is called an estoppel or conclusion because a man's own acts or acceptance stoppeth or closeth up his mouth to allege or plead the truth.' * *" Woodmen of the World Life Ins. Soc. v. Greathouse, 242 Ala. 529, 531, 7 So.2d 89, 91 (1942).
The doctrine comes into play by the taking of a position in one instance, inconsistent with a position in another instance, to another's prejudice. Carolina Casualty Insurance Co. v.Tisdale, 46 Ala. App. 50, 237 So.2d 855 (1970).
In Mazer v. Jackson Insurance Agency, 340 So.2d 770 (Ala. 1976), this court stated:
 "`An estoppel . . . has three important elements. The actor, who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence. The other relies upon that communication. And the other would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct.'"
The jury resolved the questions pertaining to the agency relationship between USFG and Mrs. Thrasher, an employee of Talladega Insurance Agency, in favor of Rita McKinnon, and there is sufficient evidence for the jury to so find. Thus, the facts, known to Mrs. Thrasher were imputed to USFG.
There can be no question of reliance upon the representations of coverage. Mrs. Haney continued to pay premiums for that coverage and Mrs. McKinnon continued to drive her mother's car without obtaining other coverage. No one would challenge the fact that Mrs. McKinnon would be materially harmed if USFG is permitted now to assert the defense that she was not an insured as defined in the policy: a relative of the named insured living in the same household. USFG cannot now benefit from its former position that assured coverage; inconsistent with its now position denying coverage.
 II Extent of the Coverage
At this point, reference is made to the policy in force at the time of the accident March 1975, a pertinent part of which we have already set out. Reading the policy, it is readily clear that Mrs. Haney paid separate premiums on her two vehicles for uninsured motorists coverage, six and five dollars, respectively, under the one policy. This is often referred to as a multi-vehicle policy. The issue thus presented is whether Rita McKinnon is entitled to recover under two
uninsured motorists provisions. Put simply, since two premiums were paid to *Page 607 
insure two cars, there were two separate uninsured motorists coverages in the one policy. This is the concept known as "stacking" or "pyramiding."
USFG claims that since Mrs. McKinnon was not the premium paying named insured she could not stack the uninsured motorists coverages of the two automobiles owned by her mother; hence her recovery is limited to $10,000. We disagree.
USFG's argument is based solely upon the fact Rita McKinnon did not pay the premiums on the policy; and it attempts to analogize the situation here with the facts of Lambert v.Liberty Mutual Insurance Co., 331 So.2d 260 (Ala. 1976), where this court held an employee was not entitled to stack uninsured motorists coverages under his employer's "fleet policy."
In Lambert, Justice Bloodworth, writing for the court, aptly distinguished the two situations:
 "* * * The status of Lambert (for purposes of uninsured motorist coverage) as an insured solely by virtue of his occupancy of the vehicle, is clearly distinguishable from the status of a named insured who is entitled to stack coverages by virtue of his personal payment of an additional premium for each vehicle insured under a multi-vehicle policy."
In reference to personal payment, the opinion noted:
 "By permitting the insured to stack his coverages, this Court has simply honored the reasonable expectation of the `named insured' that his payment of an additional premium will result in increased coverage for those falling within the definition of the `named insured,' * * *" (emphasis added)
The test is whether the person attempting to "stack" coverage is a "named insured." Our conclusion earlier answers this question. Therefore, Rita McKinnon was entitled to an aggregate coverage of $20,000; the sum of $10,000 under each of the two uninsured motorists provisions for which a premium was paid.
 III Is the Verdict Self Contradictory? (Inconsistent as a Matter of Law)
We must examine the general verdict of the jury against the two theories of recovery stated in the separate counts of the complaint and under the evidence upon which the case was submitted to the jury.
Count I of the complaint declared a breach of the insurance contract of Mrs. Haney with USFG under which Mrs. McKinnon was insured; in this instance against damages suffered as the result of the negligence of an uninsured motorist. Count II complains of fraudulent misrepresentation that Mrs. McKinnon was insured under the policy. Implicit in this is the allegation that Mrs. McKinnon was not, in fact, insured. The proof relied on in support of both counts were the same representations made with knowledge of the facts about Mrs. McKinnon's residence being otherwise than in the same household with her mother.
USFG claims that since the jury's verdict was for the sum of $55,000, the jury found the issues in favor of Mrs. McKinnon under both counts of the complaint. Such a finding, it contends, is self contradictory. We agree.
May damages be recovered for breach of an existing contract and at the same time recover damages for fraud for representing there was a contract when, in fact, there was none? We think not. The theories of recovery are factually inconsistent, therefore, the general verdict of the jury in this case is self contradictory. It had the effect of finding both that there was a contract and that there was not.
We find no prior case where this precise situation was presented and dealt with by this court. However, the analogous reasoning in cases dealing with the inconsistencies of verdicts that find against an employer and in favor of an employee, where the employer's liability is vicarious, is persuasive support for our holding the verdict in this case to be inconsistent as a matter of *Page 608 
law. In Carter v. Franklin, 234 Ala. 116, 173 So. 861 (1937), the following was said:
 "* * * where employer and employee are sued in tort, the liability charged to the employer resting solely on the negligence or wanton conduct of the employee, a verdict against the employer and in favor of the employee is due to be set aside on proper motion. It is self contradictory. It says in one aspect that the employee was guilty of negligence proximately causing injury, and because of such negligence in the line and scope of his employment, his employer is liable, while in the other aspect, it says the employee was not guilty of negligence, the proximate cause of injury. Such a verdict on its face discloses that the jury has misconceived the issues, or was prompted by bias against the employer or in favor of the employee. If a proper jury case was presented in the evidence, such verdict should, on proper motions, be set aside in toto, that the cause be retried on the merits, unhampered by questions of res adjudicata. * * *" (emphasis added)
The emphasized statement quoted above is no less illustrative of the self contradiction of the verdict in that case than, logically, it is of the self contradiction of the general verdict in this case.
In this case the proof offered would authorize submission of the case to the jury for a finding by it, if the issues were resolved against USFG, that either there was a breach of contract and USFG was estopped to assert an affirmative defense or there was no contract but there was fraud in representing there was one. In neither case would the evidence of record support an award of punitive damages. In fraud cases essentially based on § 108, Tit. 7, Code 1940, punitive damages are only allowed where a material misrepresentation is made knowingly and falsely, was relied on by the injured party, and the fraud was gross, malicious, oppressive, and committed with an intent to injure. Old Southern Life Insurance Co. v.Woodall, 295 Ala. 235, 326 So.2d 726 (1976); Hall Motor Co. v.Furman, 285 Ala. 499, 234 So.2d 37 (1970). We find no evidence in this record to authorize a jury to find gross, malicious, oppressive fraud committed with intent to injure. The evidence would support an award of compensatory damages only in this case. They would be the same in the event the jury found for plaintiff either on the breach of contract theory or on the fraud theory: recompense for the losses and damages suffered by plaintiff as a result of the negligence of the uninsured motorist; to the limit of the $20,000 coverage.
For the reasons assigned the judgment below must be reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.