I concur with the statement in the main opinion as to the applicable rule of law respecting the three essential elements necessary to sustain an award for punitive damages. A finding that fraud was "knowingly" or "intentionally" committed, without more, is not sufficient to sustain an award of punitive damages. In addition to a finding of intentional fraud, the rule is that punitive damages may not be recovered unless the fraud be gross, malicious, oppressive, and committed with intent to injure. Treadwell Ford, Inc. v. Leek, 272 Ala. 544,133 So.2d 24 (1961); Proctor Agency, Inc. v. Anderson,358 So.2d 164 (Ala. 1978); United States Fidelity and Guaranty Co.v. McKinnon, 356 So.2d 600 (Ala. 1978).
However, some of our cases have not been entirely clear on this point. In Hall Motor Co. v. Furman, 285 Ala. 499,234 So.2d 37 (1970), we find the following statement of the Court by way of dictum:
 If the evidence tends to establish an intent to deceive and defraud, it is difficult to see but that a fraud was committed grossly.
Hall Motor Co. v. Furman, 285 Ala. at 504, 234 So.2d 37.
This statement has been recently cited with authority inRandell v. Banzhoff, 375 So.2d 445 (Ala. 1979), and in ShilohConstruction Co. v. Mercury Construction Corp., 392 So.2d 809
(Ala. 1981), the former by direct quote from Hall Motor Co., and the latter case as follows:
 Once an intent to deceive has been established it is difficult to see but that a fraud was committed grossly.
Shiloh Construction Co. v. Mercury Construction Corp., 392 So.2d at 814.
The main opinion in this case, with which I concur, should settle the law now. A person can commit a fraud "knowingly," but lacking the intention to injure and defraud. Also, one can commit a fraud "knowingly," but without grossness, maliciousness, or oppressiveness. Each case, reviewed on appeal by this Court, is dependent upon an analysis of the pertinent facts, i.e., the evidence admitted and the reasonable inferences drawn therefrom.
Having agreed as to the law, I disagree with the conclusion that the jury could have properly found that the alleged fraud was "intentional." Under the undisputed evidence in this case, and as summarized in the main opinion, the only actionable fact which could have constituted fraud was the error of the stockboy in placing a sticker on the van indicating it to be a 1978 model rather than a 1977 model. There was no contact between the stockboy and the plaintiff. The salesman relied on the sticker in his negotiations with plaintiff, and filled out a buyer's order form and the odometer form relying on the sticker. However, other employees of the defendant, using the manufacturer's certificate of origin and other sale documents, prepared the bill of sale and the application for certificate of title (and other documents), which correctly described the van as a 1977 model.
There is simply no evidence of an "intentional" fraud. I would hold as a matter of law that this misrepresentation was made by mistake and innocently, but, being acted on by the opposite party, constituted legal fraud. See, Code 1975, §6-5-101. Legal and not "intentional" fraud having been committed, plaintiff was entitled to compensatory damages only.